632 A.2d 335

Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as liquidator of Rockwood Insurance Company, Plaintiff,

v.

ROCKWOOD HOLDING COMPANY, Henry L. Israel and Betty Ann Taylor, executors of the Estate of Herman J. Israel, deceased, Wilbur A. Thomas, Shirley S. Oppenheim, executrix of the Estate of David N. Oppenheim, deceased, Silas W. Nicholson, Robert W. Critchfield, Robert J. Dodds, III, Executor of the Estate of Peter Denby, deceased, Robert E. Lauterbach, Antonio J. Palumbo and Simon K. Uhl, Defendants.

Commonwealth Court of Pennsylvania.

Aug. 31, 1993.

Publication Ordered Sept. 22, 1993.

Jeffrey B. Albert, Pamela Pentin, R. James Kravitz and Gerald E. Arth, for plaintiff.

James W. Evans, Allen C. Warshaw, Robert E. Lauterbach, Antonio J. Palumbo, Joseph A. Katarincic, Theodore N. Black, Robert M. Linn, Daniel J. Sponseller, Ronald D. Barber, Timothy A. Fedele, Andrew H. Cline, and Betty Ann Taylor, for defendants.

KELLEY, Judge.

Presently before this court for disposition is plaintiffs', Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as liquidator of Rockwood Insurance Company, and Rockwood Energy and Mineral Corporation, cross motion to strike affirmative defenses.

The Insurance Commissioner commenced this action in her capacity as statutory liquidator of Rockwood Insurance Company (RIC) in September of 1991 against the various defendants pursuant to section 523 of the Insurance Department Act of 1921 [1] to recover in excess of $140 million in losses suffered by RIC.[2] An amended complaint was filed on May 7, 1992. Plaintiffs allege in the amended complaint that the losses suffered by RIC were the direct result of the mismanagement and fraud of the former officers and directors of Rockwood Holding Company (RHC), a "shell" company formed in 1981.

Plaintiffs wish to strike the following paragraphs of defendants' answers and new matter:

1. Paragraphs 142 and 143 of the answer and new matter of defendants Robert W. Critchfield and Simon K. Uhl;

2. Paragraphs 130, 148, and 149 of the answer and new matter of defendants Robert E. Lauterbach and Antonio J. Palumbo;

3. Paragraphs 123, 124, and 137 of the answer and new matter of defendants Silas W. Nicholson and Wilbur A. Thomas;

4. Paragraphs 126, 127, 131, 133, and 124 of the answer and new matter of defendant Robert W. Dodds, III, executor of the Estate of Peter Denby, deceased;

5. Paragraph 118 of the answer and new matter of defendant Rockwood Holding Company; and

6. Paragraphs 54, 57, 64, 65 and 70 of the answer and new matter of defendants Betty Ann Taylor and Henry L. Israel, executors of the Estate of Herman J. Israel, deceased.

1. Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 221.23.

2. Under section 520 of the Act, the Insurance Commissioner may, by order of this court, be appointed as a statutory liquidator for the purpose of liquidating the business of an insurer due to, *inter alia,* the insolvency of the insurer or where the insurer has violated the insurance laws. 40 P.S. § 221.20; 40 P.S. § 221.14. Rockwood Insurance Company was placed into liquidation by this court on July 24, 1991.

Plaintiffs allege that the defendants aver or indirectly suggest in their respective new matter that they are not liable for claims asserted against them in the amended complaint because the Insurance Department and/or Insurance Commissioner knew or should have known of the true financial condition of RIC and/or should have stopped the illegal and fraudulent conduct of the defendants at an earlier date. However, plaintiffs argue, the affirmative defenses of failure to mitigate damages, negligence, contribution, estoppel and waiver may not be asserted against the Insurance Commissioner in her capacity as statutory liquidator under the Act and that defendants' said affirmative defenses are insufficient as a matter of law and should be stricken.

Defendants argue that:

1. Relevant provisions of the Act demonstrate clearly that it was the intent of the legislature to subject the Insurance Commissioner to a great many different defenses when she litigates in her capacity as a statutory liquidator;

2. The Insurance Commissioner's knowledge and her actions in light of that knowledge, are not merely technical affirmative defenses but are facts which will establish that plaintiffs' fraud allegations are false and baseless;

3. The Insurance Commissioner is not the only interest represented by the plaintiffs; therefore, the affirmative defenses should stand even if they cannot be asserted against the Insurance Commissioner herself;

4. The Insurance Commissioner participated actively in many of the management decisions at RIC and RHC before RIC was put into rehabilitation and liquidation; therefore, the Insurance Commissioner is not protected in her capacity as either rehabilitator or statutory liquidator and is subject to the affirmative defenses.

Both plaintiffs and defendants concede that issue of whether or not the Insurance Commissioner may be subject to the above-mentioned affirmative defenses has not been determined in any case involving the Pennsylvania Insurance De-

partment. Consequently, plaintiffs rely on several federal court cases wherein the federal courts have held that The Resolution Trust Corporation and the Federal Deposit Insurance Corporation may not be subject to affirmative defenses and claims of regulatory negligence as receivers for failed banks under federal banking laws.

In the cases cited by plaintiffs, the federal courts have specifically held that a receiver owes no duty to manage a bank or to bring to the attention of its officers and directors any wrongdoing during its regulatory activities and that, as a matter of law, regulatory conduct cannot stand as a basis for direct claims, affirmative defenses and counterclaims against federal banking regulators. *See Federal Deposit Insurance Corporation as Receiver of Guardian Bank, N.A. v. Eckert Seamans Cherin Mellot, A Pennsylvania Partnership,* 754 F.Supp. 22 (E.D.N.Y.1990) (District court struck affirmative defense of failure to mitigate damages); *Resolution Trust Corporation v. Donald J. Ayo,* 1993 WL 8612, 1993 U.S.Dist. LEXIS 56 (E.D.La. January 4, 1993) (District court struck affirmative defenses of contributory negligence, comparative negligence and failure to mitigate damages); *Resolution Trust Corporation v. Farmer,* 823 F.Supp. 302 (E.D.Pa.1993) (District court struck affirmative defenses of regulatory negligence, contributory negligence, reliance upon regulators, lack of proximate cause and superseding or intervening cause).

The "no duty" rule and the policy reasons behind it was summarized in *Federal Savings and Loan Insurance Corporation v. Burdette,* 718 F.Supp. 649, 663–64 (E.D.Tenn.1989):

In cases of the failure of a [bank], it is important to the public that the receiver rapidly and efficiently convert the assets of that institution to cash to repay the losses incurred by the insurance fund and the depositors for deposits not covered. Suits by the FSLIC [or the RTC] as a receiver to recover assets, or to recover damages for wrongdoing, should not be encumbered by an examination in court of the correctness of any specific act of the FSLIC in it receivership. The rule that there is no duty owed to the institution or wrongdoers by the FSLIC/Receiver is simply a means of

expressing the broad public policy that the banking laws creating the FSLIC and prescribing its duties are directed to the public good, and that every separate act of the FSLIC as a receiver in collecting assets is not open to second guessing in actions to recover damages from wrongdoing directors and officers. If there is no wrongdoing by the officer or director, there can be no liability, but if wrongdoing is established, the officer or director should not be allowed to set up as a defense a claim that would permit the detailed examination of the FSLIC's action as receiver. . . .

Plaintiffs also cite a case decided by the United States District Court for the Northern District of Illinois as being virtually identical to the issue currently before this court. In *Stamp v. Brown*, 1991 WL 169377, 1991 U.S.Dist. LEXIS 11963 (N.D.Ill. August 27, 1991), the Director of Insurance for the State of Illinois as Liquidator of Reserve Insurance Company brought an action against numerous defendants alleging that the defendants engaged in a fraudulent scheme to misrepresent the financial conditions of Reserve Insurance Company (Reserve). Based on these misrepresentations, the Director alleged, the Illinois Department of Insurance (Department) approved Reserve's continued operations past the point of the corporation's insolvency, plunging the corporation further into debt.

The Director moved to strike a number of the defendants' affirmative defenses which contended that the Department's conduct, that the Department's failure to discover the fraud resulted in injury to Reserve, shielded the defendants from liability. The issue before the district court was whether the Department's conduct was a proper affirmative defense for the defendants to use.

Relying on federal cases dealing with federal banking laws, the district court held that the conduct of a regulatory body will not shield defendants from their own culpability. Accordingly, the district court struck the defendants' defenses which asserted that the Department's negligence shielded them from liability for their own fraudulent conduct.

■ Although not controlling, the court finds persuasive the reasoning of the federal court cases cited by plaintiffs. The purpose of Article V, Suspension of Business—Involuntary Dissolutions, of Pennsylvania's Insurance Act is to protect the interests of insureds, creditors and the public generally. 40 P.S. § 221.1. To effect this purpose, the Insurance Commissioner is empowered under the Act with the authority to petition this court for an order authorizing her to rehabilitate or liquidate an insurer. 40 P.S. § 221.15; 40 P.S. § 221.20.

■ One of the powers statutorily granted to a liquidator is the power to institute proceedings against the officers and directors of the insurer for any wrongdoing committed by those individuals which resulted in harm to the insurer. 40 P.S. § 221.23. In light of the purpose of the Act to protect the public good, the Insurance Commissioner's power to recover damages for any wrongdoing should not be encumbered by an examination in court of the correctness of any specific act of the Insurance Commissioner in its receivership. Furthermore, the defendants should not be permitted to assert regulatory negligence to offset their own alleged culpability.

■ The defendants' argument that certain sections of the Act demonstrate that the legislature intended to subject the Insurance Commissioner to a great many different defenses when she litigates in her capacity as a statutory liquidator is unpersuasive. The Commonwealth's insurance laws are to be construed liberally to effect their purposes. *Sheppard v. Old Republic Life Insurance Company*, 21 Pa.Commonwealth Ct. 360, 346 A.2d 383 (1975).

The defendants' interpretation of select parts of the Act, specifically sections 520(d), 523(13), and 532, ignores the overall purpose of the Act and would result in a frustration of that purpose of protecting the public generally, as well as the insureds and creditors. Under the defendants' interpretation of the Act wherein the Insurance Commissioner would be subjected to certain affirmative defenses such as waiver, etc., the Insurance Commissioner would be forced to defend each act of regulatory conduct in any action the Insurance Commis-

sioner brings to recover damages for wrongdoing. As a result, the efficiency and expediency with which the assets of the insolvent insurer are converted to cash to repay the losses incurred by the creditors and the insureds may be impaired thereby harming the public good.

As stated by the district court in *Burdette*, "if there is no wrongdoing by the officer or director, there can be no liability, but if wrongdoing is established, the officer or director should not be allowed to set up as a defense a claim that would permit the detailed examination" of the Insurance Commissioner's action as statutory liquidator.

This court also rejects the defendants' argument that the Insurance Commissioner should be subject to the pleaded affirmative defenses, because it is alleged that the Insurance Commissioner and the Insurance Department performed a poor job managing the assets of RIC before RIC was placed into receivership. This suit was brought by the Insurance Commissioner in her capacity as statutory liquidator on behalf of the insurer. Any actions on the part of the Insurance Commissioner before being appointed as statutory receiver or the Insurance Department are protected by sovereign immunity. 42 Pa.C.S. §§ 8521–8528. Moreover, the defense of sovereign immunity is nonwaivable and may be asserted by the Insurance Department or the Insurance Commissioner at any time. *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 606 A.2d 427 (1992).

As pointed out by the defendants, there are two plaintiffs in this action—the Insurance Commissioner and Rockwood Energy and Mineral Corporation. Plaintiffs in their motion and accompanying supporting briefs, request that defendants' affirmative defenses be stricken as to both plaintiffs. However, it is obvious that Rockwood Energy and Mineral Corporation is not charged under any statutory authority with protecting the public good.

Accordingly, defendants' affirmative defenses of failure to mitigate damages, negligence, contribution, estoppel and waiv-

er will be stricken as to the Insurance Commissioner in her capacity as liquidator of RIC, but will not be stricken as to Rockwood Energy and Mineral Corporation.

## ORDER

NOW, this 31st day of August, 1993, upon consideration of plaintiffs', the Insurance Commissioner of the Commonwealth of Pennsylvania, in her capacity as Liquidator of Rockwood Insurance Company, and Rockwood Energy and Mineral Corporation, cross motion to strike affirmative defenses, it is hereby ordered that the following paragraphs of defendants' answers and new matters are stricken with respect to the Insurance Commissioner of the Commonwealth of Pennsylvania, and that the following paragraphs are not stricken with respect to Rockwood Energy and Mineral Corporation:

1. Paragraphs 142 and 143 of the answer and new matter of defendants Robert W. Critchfield and Simon K. Uhl;

2. Paragraphs 130, 148 and 149 of the answer and new matter of defendants Robert E. Lauterbach and Antonio J. Palumbo;

3. Paragraphs 123, 124, and 127 of the answer and new matter of defendants Silas W. Nicholson and Wilbur A. Thomas;

4. Paragraphs 126, 127, 131, 133 and 134 of the answer and new matter of defendant Robert J. Dodds, III, executor of the Estate of Peter Denby, deceased;

5. Paragraph 118 of the answer and new matter of defendant Rockwood Holding Company; and

6. Paragraphs 54, 57, 64, 65, and 70 of the answer and new matter of defendants Betty Ann Taylor and Henry L. Israel, executors of the Estate of Herman J. Israel, deceased.