**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff,**

v.

**MONSOUR MEDICAL FOUNDATION et al., Defendants.**

Commonwealth Court of Pennsylvania.

Heard Aug. 28, 1995.

Decided Oct. 11, 1995.

Publication ordered Nov. 13, 1995.

Kathryn L. Simpson, for plaintiff.

Kathleen M. Chancler and Stephen A. Ryan, for defendants.

PELLEGRINI, Judge.

Before this Court is a motion to strike the affirmative defenses of Monsour Medical Foundation (Foundation), Monsour Medical Center, Inc. (Center), William Monsour

---

(Monsour), and A.V. Papa, Jr. (Papa) filed by Constance B. Foster (Foster), the Insurance Commissioner of Pennsylvania, acting in capacity as the Statutory Liquidator of Keystone Medical Services, Inc. (Keystone).

By order of this Court dated August 20, 1990, later amended on September 4, 1990, Keystone was placed into liquidation pursuant to Chapter V of the Insurance Department Act (Act)[1] due to insolvency. In accordance with that order, Foster was appointed as the Statutory Liquidator of Keystone and vested with all of the powers of that post conferred under the Act. *See* 40 P.S. §§ 221.21, 221.23. On March 19, 1991, pursuant to those powers, Foster brought this action in this Court's original jurisdiction, alleging claims for common law fraud, fraudulent misrepresentation, negligent misrepresentation, and negligence, against the above mentioned defendants. The defendants subsequently filed their answers with new matter in which they asserted, either directly or impliedly, the affirmative defenses of failure to mitigate damages, contributory negligence, comparative negligence, assumption of the risk, estoppel and waiver.[2] In raising these defenses, the defendants averred that, at all relevant times, the Insurance Commissioner and the Insurance Department had been aware of Keystone's manner of operation, and by their supervision thereof, had ratified the actions undertaken by Keystone. Foster then filed the present motion to strike the affirmative defenses.

■ The sole issue presently before this Court is whether actions of the Insurance Commissioner prior to the order of liquidation of an insurance company can be asserted as affirmative defenses in an action commenced by the Statutory Liquidator. Foster argues that, the Insurance Commissioner operates in a dual capacity as a regulator and as the Statutory Liquidator. Because she has not brought this action in her regulatory capacity as the Insurance Commissioner, but instead, has done so via her

powers as the Statutory Liquidator, Foster contends that her pre-litigation regulatory conduct as the Insurance Commissioner cannot be asserted against her as affirmative defenses in this action. The defendants argue that under the Insurance Act, the Commissioner is granted broad powers concerning the regulation and supervision of insurance companies. These powers, the defendants argue, include the liquidation of companies. As such, the defendants contend, the Commissioner, although acting as a liquidator, is the actual party to the liquidation action and may be subject to affirmative defenses based upon her actions in the regulation of insurance companies. Because the parties concede that there is no controlling Pennsylvania case law dispositive of this issue, this Court must look to the purpose behind the Act, as well as the statutory scheme dealing with liquidation, to determine whether the defendants may assert their affirmative defenses against the Statutory Liquidator.

Pursuant to Section 520 of the Act, the Insurance Commissioner may petition this Court for an order directing the liquidation of an insolvent insurance company. Act of May 17, 1921, P.L. 789, § 520, *as added by,* Act of December 14, 1977, P.L. 280, § 2, 40 P.S. § 221.20. The order, if granted, shall appoint the Insurance Commissioner as the Statutory Liquidator and shall direct the Liquidator to take possession of the assets of the insurer. *Id.* Upon the order of liquidation, the Liquidator is empowered to dispose of the insurer's assets, to borrow money in the name of the insurer, to enter into contracts, to assert all defenses available to the insurer, and exercise all rights and powers of any creditor, shareholder, policyholder or member. Act of May 17, 1921, P.L. 789, § 523, *as added by,* Act of December 14, 1977, P.L. 280, § 2, 40 P.S. § 221.23. Moreover, the Liquidator is empowered to "prosecute any action which may exist in behalf of the creditors, members, policyholders or shareholders of the insurer against any offi-

---

1. Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 221.14.

2. The affirmative defenses of the Foundation and Monsour are raised in Paragraphs 73 and 79 of

their Answer and New Matter. The affirmative defenses of the Center and Papa are raised in Paragraphs 88 and 91 of the Answer and New Matter.

cer of the insurer, or any other person," and to continue to prosecute or institute in the name of the insurer or in his or her own name any and all suits and other legal proceedings. *Id.; see also* 40 P.S. § 221.26 (permitting the Liquidator to institute an action or proceeding on behalf of the estate of the insurer).

Under this scheme, the Statutory Liquidator steps into the shoes of the insurer and recoups its assets in order to protect the rights of its creditors, policyholders and shareholders. Any actions commenced by the Liquidator are on behalf of the insurance company and its creditors and policyholders. In effect, the Liquidator's action against the officers and directors of the insurance company seeks to enforce the rights of the company and other interested individuals. The Liquidator's claims are not premised upon any rights asserted by the Insurance Department or the Insurance Commissioner. Consequently, the pre-liquidation regulatory conduct of the Insurance Commissioner, which otherwise could not be used to preclude or defeat the rights of the insurance company or its creditors, policyholders, and shareholders,[3] cannot be raised against a Statutory Liquidator enforcing those rights.

This conclusion is further supported by the reasoning of this Court in *Foster v. Rockwood Holding Co.*, 158 Pa.Cmwlth. 258, 632 A.2d 335 (1993) (single judge opinion by Kelley, J.). In that case, the officers and directors of a liquidated insurance company attempted to assert affirmative defenses against the Statutory Liquidator based upon the conduct of the Insurance Department and the Commissioner. This Court, in striking the affirmative defenses, reasoned that the Statutory Liquidator's authority to institute proceedings against a defunct company's officers and directors was to protect the public good and to recoup the company's assets. *Id.* To permit the assertion of affirmative defenses against the Statutory Liquidator based upon regulatory negligence, this Court

reasoned, would encumber this purpose of the Act.

Analogous reasoning can also be found in numerous federal court cases in which it has been held that affirmative defenses based upon the regulatory actions of the Federal Deposit Insurance Corporation (FDIC) and the Resolution Trust Corporation (RTC) may not be asserted in actions commenced by those corporations after a financial institution has been placed in receivership. *See Foster v. Rockwood Holding Company*, 158 Pa. Cmwlth. 258, 632 A.2d 335 (1993); *Resolution Trust Corporation v. Youngblood*, 807 F.Supp. 765 (N.D.Ga.1992); *Federal Deposit Insurance Corporation v. Baker*, 739 F.Supp. 1401 (C.D.Cal.1990); *Federal Savings and Loan Insurance Corporation v. Burdette*, 718 F.Supp. 649 (1989). As stated in *Burdette:*

> In cases of the failure of a [bank], it is important to the public that the receiver rapidly and efficiently convert the assets of that institution to cash to repay the losses incurred by the insurance fund and the depositors for deposits not covered. Suits by the [corporations] as a receiver to recover assets, or to recover damages for wrongdoing, should not be encumbered by an examination in court of the correctness of any specific act of the [corporation] in its receivership. The rule that there is no duty owed to the institution or wrongdoers by the [corporation]/Receiver is simply a means of expressing the broad public policy that the banking laws creating the [corporation] and prescribing its duties are directed to the public good.... If there is no wrongdoing by the officer or director, there can be no liability, but if wrongdoing is established, the officer or director should not be allowed to set up as a defense a claim that would permit the detailed examination of the [corporation's] actions.

*Id.* at 663–664.[4] Under this reasoning, the federal courts have repeatedly held that af-

---

**3.** To hold otherwise would be absurd in light of the fact that, had the creditors, policyholders or shareholders had themselves brought an action against the officers and directors of the insurance company, the officers and directors could

not raise the conduct of the Insurance Commissioner as an affirmative defense to that action.

**4.** The defendants argue that the federal cases should not be considered here, attempting to distinguish them on the basis that they involved

firmative defenses may not be asserted against a receiver based upon the actions of the FDIC or the RTC.

■ In Pennsylvania, the purpose of the liquidation provisions of the Act are set forth in 40 P.S. § 221.1 as being:

> the protection of the interests of insureds, creditors, and the public generally, with minimum interference with the normal prerogatives of the owners and managers of insurers through ... (iii) enhanced efficiency and economy of liquidation, through clarification and specification of the law, to minimize legal uncertainty and litigation.

Act of May 17, 1921, P.L. 789, § 501, *as added by* Act of December 14, 1977, P.L. 280, § 2, 40 P.S. § 221.1. Given this purpose, i.e., to protect the policyholders, the creditors, and the public, the Statutory Liquidator's power to recover damages against the officers and directors and to recoup the assets of the liquidated insurer should not be encumbered by this Court's examination of the correctness of the Liquidator's actions during liquidation or the Insurance Commissioner's regulatory actions. *Foster v. Rockwood Holding Company*, 158 Pa.Cmwlth. 258, 632 A.2d 335 (1993).[5]

Accordingly, Foster's motion is granted, and the affirmative defenses set forth in the defendants' responses to Foster's complaint are stricken.

### ORDER

AND NOW, this 11th day of October, 1995, upon consideration of Plaintiff's Motion to Strike Affirmative Defenses, said motion is granted. Paragraphs 73 and 79 of the Answer and New Matter of Monsour Medical Foundation and William J. Monsour M.D., Paragraphs 88 and 91 of the Answer and New Matter of Monsour Medical Center, Inc., and Paragraphs 88 and 91 of the Answer and New Matter of A.V. Papa, Jr., are stricken.

affirmative defenses asserted against the Receiver based upon his or her actions during receivership. Disregarding that this distinction is not necessarily accurate for all of the federal cases, *see Federal Deposit Insurance Corp. v. Baker*, 739 F.Supp. 1401 (C.D.Cal.1990), the policy considerations underlying the Act and the holding of those cases remain the same: the actions of the liquidator or receiver, which are done in furtherance of the public good, should not be hindered by a court's examination of their propriety.

5. Given the disposition of this case, the Court need not address the defendants' contentions regarding the applicability of sovereign immunity to this action.