Kenneth A. LIRTZMAN, Individually and on behalf of a class of persons similarly situated, Plaintiffs,

v.

SPIEGEL, INC., a corporation, Defendant.

No. 80 C 993.

United States District Court, N. D. Illinois, E. D.

July 24, 1980.

Bruce M. Friedman, Burtin I. Weinstein, Chicago, Ill., for plaintiffs.

John Bleveans, Scott J. Davis, and Roger W. Barrett, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

The present matter has been brought as a class action. Rule 23(b), Fed.R.Civ.P. The plaintiff herein, Kenneth A. Lirtzman, in addition to requesting injunctive and declaratory relief, seeks on behalf of himself and others similarly situated to recover money damages for the defendant Spiegel, Inc.'s alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (herein "the Act"), and of Regulation Z, 12 C.F.R. § 226, which was adopted pursuant to the Act by the Federal Reserve Board. Jurisdiction with respect to the action is based upon § 130(e) of the ·Act, 15 U.S.C. § 1640(e).

This matter arose after plaintiff received a catalog entitled "Discover Spiegel", which was part of a mass mailing by defendant throughout the United States. By virtue of his receipt of said catalog, Kenneth Lirtzman was informed that Spiegel, Inc. had unilaterally "opened" and established a "Spiegel Charge Account" entitling him to purchase, on credit, merchandise from defendant in an amount not to exceed $500.00. In accordance with the terms of this apparent open end credit plan, plaintiff ordered consumer merchandise from defendant.

Presently before the court is plaintiff's motion to strike those Affirmative Defenses designated Three through Ten by defendant in its answer. Rule 12(f), Fed.R.Civ.P. This motion is based upon plaintiff Lirtzman's contention that the pleadings in question do not present sufficient defenses and, therefore, are insufficient as a matter of law.

■ Motions to strike defenses are not favored, and are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial. *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 962 (N.D.Ill.1972). Such motions generally will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Application ·of J. W. Schonfeld, Ltd.*, 460 F.Supp. 332, 335 (E.D. Va.1978); *Systems Corp. v. American Telephone & Telegraph*, 60 F.R.D. 692, 694 (S.D. N.Y.1973); 2A *Moore's Federal Practice* ¶ 12.21 at 2437 (2d ed. 1975). Before a motion to strike can be granted, the court must instead "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Systems Corp., supra* at 694; *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969).[1]

■ In the defendant's Third Defense, the court believes a substantial factual question has been raised. Spiegel, Inc. contends in this defense that the plaintiff's primary motivation for entering into the transaction forming the subject matter of the present lawsuit was not to obtain consumer credit, but rather was to generate grounds for the initiation of a class action lawsuit, so that his [Lirtzman's] attorneys would be able to collect substantial fees. Defendant bases this contention in large part on the fact that on February 26, 1980, Kenneth Lirtzman mailed to Spiegel, Inc. the purchase order which constitutes the basis for this matter and on the following day his class action complaint was filed.

There is no dispute that plaintiff is a natural person to whom credit was offered or extended by defendant, and that defendant is a creditor who regularly extends, or arranges for, the extension of credit for which the payment of a finance charge is or may be, depending upon the circumstances, required. §§ 103(f), (h) of the Act; 15 U.S.C. §§ 1602(f), (h). That being so, there still remains a factual dispute to be resolved; that is, whether the primary purpose for the transaction at issue was to obtain consumer credit or whether said transaction was entered into primarily for

1. When ruling upon a motion to strike, it also is well established that the court must view the pleading under attack in a light most favorable to the pleader. *McCormick v. Wood*, 156 F.Supp. 483 (S.D.N.Y.1957); *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y.1970).

business or commercial purposes. In light of the fact that the Court of Appeals for the Seventh Circuit has criticized the use of the Act as a means of obtaining attorneys' fees, *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978), cert. denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978), it is the opinion of this court that such a factual question does bear a possible relation to the present controversy, and accordingly is an issue which should be heard. Plaintiff Lirtzman's motion to strike the Third Affirmative Defense, therefore, is denied.

The defendant's Fourth Affirmative Defense raises the question of whether plaintiff brought the present action in good faith. Spiegel, Inc. takes the position that, if this action was not brought in good faith, then Kenneth Lirtzman should be disqualified from pursuing his claim, because such conduct would be contrary to the legitimate functions of the federal courts.

■ Under Rule 8(e)(2) of the Federal Rules of Civil Procedure a party, in framing his pleadings, is at all times subject to the moral and professional obligations of honesty and good faith, as set forth in Rule 11 of the Federal Rules of Civil Procedure. Wright & Miller, *Federal Practice and Procedure*: Civil § 1285 (1969). Insofar as the defendant's Fourth Affirmative Defense appears to relate to whether the plaintiff has in fact comported with the requirements of Rule 8(e)(2), it clearly pertains to the facts of the present matter. Accordingly, as said Defense cannot be considered insufficient as a matter of law, plaintiff Lirtzman's motion to strike with respect to it is denied.

Defendant's Fifth Affirmative Defense is founded upon the same concern expressed in the Fourth Affirmative Defense; that is, whether the present action was brought in good faith. Spiegel, Inc. asserts that Kenneth Lirtzman, by filing a class action primarily for the purpose of generating substantial attorneys' fees, has distinguished his position from that of other recipients of defendant's catalogs, and therefore is not a proper class representative.

■ Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that a class action can be maintained only if "the representative parties will fairly and adequately protect the interest of the class." Because adequacy of representation is of such critical importance in class actions, moreover, the courts are obliged to pay strict and careful attention to this Rule 23(a)(4) prerequisite. *See Susman v. Lincoln American Corp.*, 561 F.2d 86 90 (7th Cir. 1977); Wright & Miller, *Federal Practice and Procedure*: Civil § 1765 (1969).

■ If the absent members of a class are to be conclusively bound by the result of an action prosecuted by a party alleged to represent their interests, basic notions of fairness and justice demand that the representation they receive fairly and adequately protect those interests. It has been held that adequate representation is the foundation of all representative actions. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1121 (7th Cir. 1979), cert. denied, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). In resolving the issue of adequacy of representation, "it is necessary to eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that the named plaintiffs have interests antagonistic to those of the remainder of the class." *Cullen v. United States*, 372 F.Supp. 441, 448 (N.D.Ill.1974). Also "[w]hether a party would adequately protect the interests of the class [ordinarily] is a question of fact depending on the circumstances of each case." *Susman v. Lincoln American Corp.*, supra 561 F.2d 86, 90 (7th Cir. 1977); *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir. 1970), cert. denied, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970). As that is so, because Spiegel, Inc.'s Fifth Affirmative Defense raises a substantial factual question concerning the adequacy of plaintiff Lirtzman's representation of the class, the court does not believe it can at this time properly be stricken.

■ In moving to strike the defendant's Sixth Affirmative Defense, plaintiff argues that, because full disclosure was not made to him prior to his entering into the transaction at issue, Spiegel, Inc.'s acts constituted a violation of the Act's open end credit disclosure requirements. In its Sixth Affirmative Defense, Spiegel, Inc. contends that such is not the case because under § 226.7(a) of Regulation Z, 12 C.F.R. § 226.7(a), the credit information under discussion does not have to be sent to the consumer until the first transaction on his account is made. Spiegel, Inc.'s argument, however, overlooks not only the stated purpose of the Act, as implemented by Regulation Z, but also the time that full disclosure must be made to the consumer.

The underlying purpose of the Act is to provide protection to consumers, by affording them full and meaningful disclosure, through the requirement that creditors disclose the "true" costs of consumer credit. § 127(a) of the Act, 15 U.S.C. § 1637(a), states that the required disclosures must be made "before opening any account under an open end consumer credit plan." In this respect, defendant asserts—and plaintiff agrees in his reply memorandum—that there appears to be an inconsistency between § 127(a) of the Act and § 226.7(a) of Regulation Z, 12 C.F.R. § 226.7(a), which states that full disclosure must be made "before the first transaction . . ." Regarding this inconsistency, however, the Court of Appeals for the Seventh Circuit, when addressing the issue of disclosure requirement violations, has stated that "if there is a violation of the Act in an open end credit plan, it occurs at the time the account is opened, or at the very latest, some time before the first transaction takes place." *Goldman v. First National Bank of Chicago*, 532 F.2d 10, 20 (7th Cir. 1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976). Furthermore, § 226.-2(kk) of Regulation Z, 12 C.F.R. § 226.2(kk), provides that "a transaction shall be consummated at the time a contractual relationship is created between a creditor and a customer . . . irrespective of the time of performance."

In view of these authorities, the court believes defendant's Sixth Affirmative Defense to be insufficient as a matter of law. The plaintiff's motion to strike said Defense, therefore, is granted.

■ The defendant's Seventh Affirmative Defense is founded upon § 130(b) of the Act, 15 U.S.C. § 1640(b), which states in part:

A creditor has no liability under this section for any failure to comply with any requirement imposed under this part or part E of this subchapter if within fifteen days after discovering an error, and prior to the institution of an action under this section or the receipt of written notice of the error, the creditor notifies the person concerned of the error . . .

In its Seventh Defense, defendant asserts that the filing of this lawsuit does not bar the curing of an error by sending to the consumer corrective information pursuant to § 130(b). Accordingly, Spiegel, Inc. argues, as the required disclosure information has been sent to Kenneth Lirtzman, and to all other persons who ordered the catalog within fifteen days of the receipt of their orders, no viable claim has been stated in the present matter.

In so arguing, however, the defendant has misconstrued § 130(b). From the language contained therein, it is clear that § 130(b) manifests an intent that the right to cure errors terminates upon the institution of any civil action seeking recovery under § 130 of the Act, 15 U.S.C. § 1640. That being so, since corrective information was not sent to Kenneth Lirtzman before the present matter was filed, Spiegel, Inc. cannot avail itself of the protection of this statutory defense. The defendant's Seventh Affirmative Defense, therefore, being insufficient as a matter of law, also is ordered stricken.

■ The Eighth Affirmative Defense asserted in defendant's answer raises the question of whether § 130(b) of the Act, 15 U.S.C. § 1640(b), bars a class action "because the required disclosures were mailed to all other persons who placed orders with

Spiegel, Inc. within fifteen days after receipt of such orders and before any of these persons instituted any lawsuit or gave defendant written notice of an alleged error." Plaintiff, in seeking to have this Defense stricken, argues that because he filed this action in a representative capacity on behalf of all members of the purported class, institution of the present action terminated defendant's ability to cure as to all other members of the purported class. Mr. Lirtzman, however, has cited no authority for this proposition. The court, moreover, is not convinced that under no set of circumstances could this affirmative defense succeed. If, for example, it is determined that Kenneth Lirtzman is not a proper class representative, or if the purported class is not certified, it is possible that Spiegel, Inc. could, based upon § 130(b) of the Act, prevail over the remaining members of the purported class. As that is so, plaintiff's motion to strike the Eighth Affirmative Defense will be denied.

■■■ Spiegel, Inc.'s Ninth Affirmative Defense involves § 130(c) of the Act, 15 U.S.C. § 1640(c). § 130(c) provides a creditor with a defense where the disclosure requirements violation in question was not intentional, but instead resulted from a bona fide error "notwithstanding the maintenance of the procedures reasonably adapted to avoid [such] error."

Although there has been some conflict regarding the type of bona fide error to which the statutory defense provided by § 130(c) is applicable, the term "bona fide error" has been defined as "an error made in the course of a good faith attempt at compliance." *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 878 (7th Cir. 1976). Spiegel, Inc.'s omissions of the disclosures required by the Act, rather than being clerical in nature, were judgmental with respect to the legal requirements of the Act. The majority of decisions, especially those in the Seventh Circuit, however, have held that the unintentional violation defense of § 130(c) is only available for clerical errors, and that it is wholly inapposite to deal with errors of law, such as the one now being raised by the defendant, even though such errors were made in good faith. *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 418 (7th Cir. 1980); *Mirabal v. General Motors Acceptance Corp.*, supra 537 F.2d 871, 878 (7th Cir. 1976); *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1167 (7th Cir. 1974); *Ratner v. Chemical Bank New York Trust Company*, 329 F.Supp. 270, 281 (S.D.N.Y. 1971). Although Spiegel, Inc. has pointed out that several courts have held that § 130(c) is not limited in its application solely to clerical errors, see e. g., *Welmaker v. W. T. Grant Company*, 365 F.Supp. 531, 544 (N.D.Ga.1972), it should be noted that the Fifth Circuit has expressly refused to follow those decisions, at least to the extent that they may pertain to the defendant's present argument. *McGowan v. King, Inc.*, 569 F.2d 845, 850 (5th Cir. 1978). In light of that fact, the court believes that the defendant's Ninth Affirmative Defense also should be stricken.

In its Tenth Affirmative Defense, Spiegel, Inc. contends that, even if it is found to have failed to disclose the information required by § 226.7(a)(9) of Regulation Z, 12 C.F.R. § 226.7(a)(9), which requires an accompanying statement in the initial disclosure concerning the consumer's rights to dispute billing errors, "this information is [in reality] irrelevant to the consumer when he first opens his account." The court strongly disagrees with this contention of the defendant. § 226.7(a) of Regulation Z sets out the specific disclosures that must be made in the initial disclosure statement, which is to be provided to the customer before the first transaction is made on any open end credit account.

To implement the Fair Credit Billing Act, the Board of Governors inserted a new disclosure subsection, as § 226.7(a)(9) of Regulation Z, which required the furnishing of a copy of the F.C.B.A. notice on or with the initial disclosure statement. Under the clear language of § 226.6(a) of Regulation Z, 12 C.F.R. § 226.6(a), the general disclosure rules apply to this notice.

■■■ In Truth-in-Lending cases, strict compliance with the specific provisions and

disclosure requirements of the Act, and the implementing Federal Reserve Board regulations, always has been required. *Smith v. No. 2 Galesburg Crown Finance Corp., supra* 615 F.2d 407 (7th Cir. 1980); *Kristiansen v. John Mullins & Sons, Inc.*, 59 F.R.D. 99 (E.D.N.Y.1973). It also is clear that Congress did not intend that creditors should escape liability for merely technical violations. *Smith v. No. 2 Galesburg Crown Finance Corp., supra* 615 F.2d 407, 416 (7th Cir. 1980); *Pennino v. Morris Kirschman & Co.*, 526 F.2d 367 (5th Cir. 1976). Accordingly, regardless of how Spiegel, Inc. views the requirement, failure to timely provide the aforementioned F.C.B.A. notice constitutes a violation of the Act. That being so, as the defendant's Tenth Affirmative Defense must be considered insufficient as a matter of law, the plaintiff's motion to strike with respect to it is granted.

CONCLUSION

For the reasons stated above, plaintiff Lirtzman's motion to strike the defendant's Affirmative Defenses designated Three through Ten is GRANTED with respect to Defenses Six, Seven, Nine and Ten, and DENIED as to Defenses Three, Four, Five and Eight.

IT IS SO ORDERED.