**Hanley C. CLARK, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Company, Plaintiff,**

v.

**Arthur W. MILAM, et al., Defendants.**

**Civ. A. No. 2:92–0935.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 1, 1993.

---

er, Krieger, Kayes & Farrell, Huntington, WV, for defendant.

John H. Wilbur, pro se.

Walter C. Walden, pro se.

Dudley D. Allen, pro se.

Frank E. Clark, Jr., pro se.

Michael J. Davoli, pro se.

Rebecca A. Betts, Robert B. King, King, Betts & Allen, Charleston, WV, Paul J. Bschorr, Alice K. Jump, White & Case, New York City, for John J. McAvoy, Carolyn B. Lamm, and Donald F. Withers and Byron N. Thompson, Jr.

Michael Bonasso, Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Betty Cordial, Pendlebury, John Collins, Cheryl Davis and CTF & Associates.

John H. Tinney, John J. Nesius, Miller A. Bushong, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, WV, David Alden, Cleveland, OH, for Tom Fennell and Ernst & Young.

John Andrew Smith, Kay, Casto, Chaney, Love & Wise, Charleston, WV, for Lamar Walker and Walker & Associates.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiff's motion urging this Court to reconsider its August 16, 1993 Order denying as untimely Plaintiff's motion to strike affirmative defenses, and Plaintiff's renewed motion to strike affirmative defenses.

Plaintiff requests the Court strike from Defendants' pleadings certain affirmative defenses Plaintiff claims are legally insufficient, vague and unintelligible, or otherwise inconsistent with the requirements of *Rule* 8(c), Fed.R.Civ.P. By Order entered August 16, 1993, the Court denied as untimely Plaintiff's initial motion to strike. Defendants have reasserted their affirmative defenses in response to Plaintiff's amended complaint, and Plaintiff has now renewed its motion to strike certain of those defenses. For reasons set forth below, the Court **DENIES** the motion to reconsider, and **GRANTS** in part and **DENIES** in part Plaintiff's renewed motion to strike affirmative defenses.

Joshua I. Barrett, Rudolph L. DiTrapano, Debra L. Hamilton, DiTrapano & Jackson, Charleston, WV, Ellen G. Robinson, C. Philip Curley, Mary Cannon Veed, Cynthia H. Hyndman, Robinson Curley & Clayton, P.C., Chicago, IL, for plaintiff.

John E. Jenkins, Jr., John M. Poma, Suzanne McGinnis Oxley, Jenkins, Fenstermak-

Plaintiff, West Virginia State Insurance Commissioner, acting in his capacity as receiver pursuant to W.Va.Code § 33–10–14 (1992), seeks in this action to recover losses suffered by the now insolvent George Washington Life Insurance Company ("GW LIFE"), a West Virginia corporation. Plaintiff alleges GW LIFE's insolvency resulted from the systematic fraud and breach of fiduciary duties of certain of its officers and directors, and from the professional negligence of certain of its attorneys.

In their answers to Plaintiff's amended complaint, Defendants asserted numerous [1] affirmative defenses, including most of those specified in *Rule* 8(c), Fed.R.Civ.P., along with several others.[2] Plaintiff contends failure to strike the defenses he characterizes as insufficient will result in "endless discovery," cost the parties much money and time litigating the invalid defenses, and detract attention from what it asserts are the "true issues" in the case. Defendants have resisted the motion, arguing primarily Plaintiff's motion is premature and fails to meet the standard for motions to strike under *Rule* 12(f).

### I.

In its motion to reconsider, Plaintiff correctly notes that by Order entered April 23, 1993, the Court granted an extension of time for filing of Plaintiff's motion to strike affirmative defenses. In that Order, the Court directed the motion to strike be filed "no later than May 14, 1993." Plaintiff failed to file its motion to strike by that deadline. The motion was instead filed on May 17, 1993.[3]

■■■ Where a filing deadline is specified by the court, papers to be filed must reach the clerk's office by the deadline date. 2 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 5.11 (2d ed. 1993). When a party mails papers to the clerk's office, filing is complete when the papers are received by the clerk or placed in the clerk's post office box. *Id.; United States v. Doyle,* 854 F.2d 771, 773 (5th Cir.1988); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir.1986). Papers arriving after a deadline are untimely even if mailed before the deadline. Moore, *supra,* at ¶ 5.11; *Doyle,* 854 F.2d at 773 (notice of appeal received by clerk after deadline for appeal was untimely even though mailed two weeks earlier; provision in *Rule* 5, Fed.R.Civ.P., that service on parties is effective upon mailing does not apply to filing with the district clerk); *Torras,* 803 F.2d at 216 (motion mailed on deadline date but received by clerk five days later was untimely).

■■■ Plaintiff is not entitled to additional time under *Rule* 6(e), Fed.R.Civ.P., for service by mail. *Rule* 6(e) applies only where a time period is measured from the date of service by mail, and allows a party so served additional time to respond in order to account for time required for delivery of mail. *Mosel v. Hills Dep't Store Inc.,* 789 F.2d 251, 253 (3d Cir.1986). Here, there was no time period requiring measurement; the Court did not set forth a "prescribed period" appropriate for computation under *Rule* 6, but rather ordered Plaintiff's motion be filed, if at all, by a date certain. Plaintiff is not entitled to the benefit of an additional period for mailing.

Plaintiff failed to file the motion to strike within both the 20–day period specified by *Rule* 12(f), Fed.R.Civ.P., and the extended time period granted by the Court. The motion to strike was therefore out of time. The Court **DENIES** Plaintiff's motion requesting reconsideration of the August 16, 1993 Order.

---

**1.** Defendant Walter C. Walden asserted no affirmative defenses. John J. McAvoy and Mahoney, Adams & Criser, P.A. both asserted affirmative defenses, but have since been dismissed as parties. The number of affirmative defenses raised by the remaining Defendants ranged from as few as 21 to as many as 42.

**2.** Each Defendant's affirmative defenses are detailed in table form in an Appendix to this Order.

**3.** In its motion to reconsider, Plaintiff incorrectly and inexplicably claims to have filed the motion to strike on May 14, 1993. The Court's docket sheet reveals the motion was actually filed on May 17, 1993, three days after expiration of the Court's deadline. Indeed, the motion to strike, attached as Exhibit D to Plaintiff's motion to reconsider, is clearly stamped as filed on May 17, 1993.

## II.

With leave of Court as required by *Rule* 15(a), Fed.R.Civ.P., Plaintiff filed an amended complaint on July 29, 1993. The amended complaint is substantially identical to Plaintiff's initial complaint as it relates to the original parties, its only significant difference being its addition of two new Defendants. Each of the original Defendants has now filed an answer to Plaintiff's amended complaint, and each has asserted affirmative defenses substantially identical to those raised in defense to the original pleading.

On August 26, 1993, Plaintiff renewed its motion to strike certain of Defendants' affirmative defenses. Although as set forth previously, Plaintiff filed its original motion to strike out of time, the renewed motion was timely filed within 20 days of Defendants' answers to the amended complaint, as required by *Rule* 12(f), Fed.R.Civ.P.

▮▮▮▮ At the outset, the Court notes the standard by which courts judge *Rule* 12(f) motions imposes a sizable burden on the movant. A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F.Supp. 963, 966 (E.D.N.C.1991); *U.S. v. Fairchild Indus. Inc.*, 766 F.Supp. 405, 408 (D.Md. 1991). Before granting a motion to strike, a court must be convinced "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *BA Mortgage & Int'l Realty v. Am. Nat'l Bank*, 706 F.Supp. 1364, 1375–76 (N.D.Ill.1989) (quoting *Lirtzman v. Spiegel, Inc.*, 493 F.Supp. 1029, 1031 (N.D.Ill.1980)). It is difficult to establish a defense is clearly insufficient. *Spell v. McDaniel*, 591 F.Supp. 1090, 1112 (E.D.N.C.1984). Even where "technically appropriate and well-founded," motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party. *U.S. v. Pretty Prods., Inc.*, 780 F.Supp. 1488, 1498 (S.D.Ohio 1991); *Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494, 498 (S.D.N.Y.1981); *Kingsrow Enter., Inc. v. Metromedia, Inc.*, 397 F.Supp. 879, 881 (S.D.N.Y.1975).

▮▮▮▮ That being said, when a party succeeds in establishing a defense's insufficiency, the court should grant a motion to strike "to avoid unnecessary time and money in litigating invalid, spurious issues." *Spell*, 591 F.Supp. at 1112 (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *Fairchild Indus.*, 766 F.Supp. at 408. "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Fairchild Indus.*, 766 F.Supp. at 408 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (1990)). Although a motion to strike usually requires a showing that denial of the motion would prejudice the movant, it is appropriate for a court to strike defenses when they are clearly legally insufficient, such as when there is no *bona fide* issue of fact or law. *FDIC v. British–Am. Corp.*, 744 F.Supp. 116, 117–18 (E.D.N.C.1990) (citing *U.S. v. 729.773 Acres of Land*, 531 F.Supp. 967, 971 (D.Hi.1982). Employing these principles, the Court must address separately each group of affirmative defenses Plaintiff seeks to strike.

## III.

1. *Personal Jurisdiction; Failure to State a Claim Upon Which Relief Can Be Granted*

Among each Defendant's first affirmative defenses are lack of personal jurisdiction and failure to state a claim upon which relief can be granted. After a period of discovery on the personal jurisdiction issue, the Court held by Order entered July 22, 1993, 830 F.Supp. 316, Plaintiff had established a *prima facie* case of personal jurisdiction over each of the remaining Defendants. The Court therefore strikes *sua sponte* each defense asserting lack of personal jurisdiction. The Court also recasts the defense of failure to state a claim upon which relief can be granted as a motion pursuant to *Rule* 12(b)(6), Fed.R.Civ.P. As such, the Court DENIES the motion without prejudice and strikes the corresponding defense.

## 2. Defenses Based Upon Conduct of Plaintiff in his Capacity as Receiver

■ The first category of defenses challenged by Plaintiff includes those based upon the conduct of Plaintiff in his capacity as receiver of GW LIFE. They include: comparative negligence, laches, waiver and estoppel, avoidable consequences, failure to mitigate, comparative assumption of the risk, unclean hands, and set-off of amounts attributable to claims not pursued by Plaintiff. Plaintiff argues these defenses are legally insufficient because Plaintiff in his capacity as receiver owes no duty to Defendants and because the defenses are inconsistent with the doctrine of sovereign immunity.

Plaintiff asserts his role as receiver of GW LIFE is analogous to the role of the Resolution Trust Corporation ("RTC"), the Federal Deposit Insurance Corporation ("FDIC") and the Federal Savings and Loan Insurance Corporation ("FSLIC") in cases where those agencies act as liquidators of failed financial institutions. Courts have uniformly held the RTC, FDIC and FSLIC when acting as receivers owe no duty to the institutions or their officers and directors, but rather are duty-bound only to the public. *See, e.g., FDIC v. Eckert Seamans Cherin & Mellott,* 754 F.Supp. 22, 25 (E.D.N.Y.1990); *FSLIC v. Roy,* No. JFM–87–1227, 1988 WL 96570, at *1, 1988 U.S.Dist. LEXIS 6840, at *3 (D.Md. June 28, 1988).

But while these federal regulatory agencies may not be subject to second-guessing of the manner in which they perform their duties, the same is not necessarily true with regard to the West Virginia Insurance Commissioner. West Virginia law grants the Insurance Commissioner in his capacity as receiver of an insurer qualified immunity from suit. W.Va.Code § 33–10–39(a) (1992).[4] But the statute's language declares in lucid fashion the receiver's immunity is not absolute;

it does not reach "acts or omissions which are malicious or grossly negligent." *Id.*

Although perhaps unlikely, it is theoretically possible Defendants could mount proof at trial establishing Plaintiff was malicious or grossly negligent in his activities as receiver. In such a scenario, W.Va.Code § 33–10–39(a) (1992) would not shield Plaintiff from liability. The facts of this case as currently developed do not preclude such a possibility. Moreover, regardless of whether Plaintiff owes a duty to Defendants, proof by the Defendants that Plaintiff's own acts were in fact the efficient and legal cause of GW LIFE's failure could, in theory, absolve Defendants of liability.

Plaintiff argues as well Defendants' assertion of these affirmative defenses runs counter to the doctrine of sovereign immunity. This argument fails because W.Va.Code § 33–10–39(a) (1992) vests the Commissioner only with qualified immunity. *See also, infra* p. 72. The statute does not shield the Commissioner from all liability, and the Court will not strike a defense if there exists a possibility, however remote, it could succeed. *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031 (N.D.Ill.1980).

■ It is well established that when ruling on a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader. *Lirtzman,* 493 F.Supp. at 1031 n. 1; *Wohl v. Blair & Co.,* 50 F.R.D. 89, 91 (S.D.N.Y.1970). Employing this standard, it is impossible for the Court to conclude that under no set of circumstances could these defenses succeed. While Defendants' chance of success on such defenses appears remote, the facts surrounding this case are insufficiently developed to permit the Court to conclude the defenses are insufficient as a matter of law. The Court

---

**4.** W.Va.Code § 33–10–39(a) (1992) states:

No claim of any nature whatsoever that is directly related to the receivership of an insurer shall arise against, and no liability shall be imposed upon, the insurance commissioner ... or any person acting as receiver of an insurer, including surety, in rehabilitation, liquidation, or conservation as a result of a court order issued

on or after the effective date of this article [Acts 1990, c. 110: March 10, 1990] for any statement made or actions taken or not taken in the good faith exercise of their powers under law. However, this immunity shall not extend to acts or omissions which are malicious or grossly negligent. This qualified immunity extends to agents and employees of the receiver.

therefore **DENIES** Plaintiff's motion to strike with regard to these defenses.[5]

### 3. Defenses Based Upon Conduct of Plaintiff in his Capacity as Regulator

■ Plaintiff also urges the Court to strike defenses he characterizes as relating to him in his capacity as regulator.[6] These defenses include: comparative negligence, no reasonable reliance by the Commissioner, and that certain acts and omissions of the Commissioner constitute a superseding or intervening cause of the injuries alleged. Plaintiff argues these defenses should be stricken because the Commissioner in his capacity as regulator is not a party to this action, owed no duty to the Defendants, and is immune from suit under West Virginia law.

In its Memorandum Opinion and Order entered August 20, 1993, this Court recognized Plaintiff brings this action solely in his capacity as receiver of GW LIFE, pursuant to the provisions of W.Va.Code § 33–10–14 (1992). Plaintiff claims Defendants may not assert as affirmative defenses avoidances which question Plaintiff's actions in his capacity as regulator because Plaintiff is not before the Court in that capacity. However, Plaintiff has directed the Court to no authority espousing this position. At best, Plaintiff's argument requires resolution of unclear questions of law inappropriate for decision in context of a motion to strike. *United States v. Walerko Tool and Engineering Corp.*, 784 F.Supp. 1385, 1387–88 (N.D.Ind.1992).

Plaintiff claims again in reference to these defenses because he owed no duty to Defendants in his capacity as regulator, he is not subject to the defenses asserted against him in that capacity. As discussed previously, this argument fails because regardless of whether Plaintiff owed Defendants a duty, Plaintiff's acts could still theoretically break the chain of causation and absolve Defendants of liability. *McKinney v. Miller*, 138 W.Va. 324, 75 S.E.2d 854, 856 (1953).

Plaintiff also claims he is entitled to sovereign immunity in his capacity as regulator by virtue of W.Va. Const. Art. VI, § 35.[7] The Court need not decide whether the Commissioner in his capacity as regulator is immune from suit under West Virginia law, for even if such immunity exists, it would not prevent Defendants from asserting affirmative defenses to Plaintiff's claims. Having brought this action against the Defendants, the Commissioner has discarded any immunity from Defendants' claims it might otherwise enjoy, and the Defendants may assert any defense which would have been valid at law if the Commissioner were a private party litigant. *State of West Virginia v. Ruthbell Coal Co.*, 133 W.Va. 319, 56 S.E.2d 549, 556 (1949).

As Defendants note, the affirmative defenses do not constitute a suit against the Commissioner, but rather assert simply the Commissioner's acts were a superseding intervening cause of any damages GW LIFE suffered. While W.Va. Const. Art. VI, § 35 may or may not insulate Plaintiff from suit for his actions as regulator, the provision does not constitute grounds to strike Defendants' affirmative defenses.

Plaintiff's arguments in favor of striking Defendants' affirmative defenses related to Plaintiff's capacity as regulator are insufficient to meet the heavy burden on movants under *Rule* 12(f), Fed.R.Civ.P. *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F.Supp. 963, 966 (E.D.N.C.1991); *U.S. v. Fairchild Indus. Inc.*, 766 F.Supp. 405, 408

---

5. The Court is nonetheless troubled by the "shotgun approach" Defendants apparently used in choosing their affirmative defenses. If it becomes clear after factual development Defendants have set forth defenses frivolously, the Court may take appropriate measures under the provisions of *Rule* 11, Fed.R.Civ.P., to remedy the matter. But at this early stage in the litigation, it is impossible for the Court to hold the defenses could not succeed under any set of circumstances.

6. Defendants reject Plaintiff's characterization of their defenses as relating to him only in particular capacities.

7. W.Va. Const. Art. VI, § 35 reads:
The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee.

(D.Md.1991). The Court **DENIES** Plaintiff's motion to strike these defenses.

### 4. *Other Defenses*

Plaintiff alleges a number of Defendants' affirmative defenses are in fact merely denials of Plaintiff's allegations, and should be struck "for the sake of simplifying the pleadings." These defenses include: no proximate cause; no duty to plaintiff; no party was misled by the acts of the defendant; defendants owed no fiduciary duty; the damages alleged are speculative; no RICO enterprise has been alleged; the defendants did not participate in the affairs of a RICO enterprise; and no RICO pattern has been alleged.

▉ After careful review of these defenses, the Court concludes the defenses do not set forth avoidances or affirmative defenses within the meaning of *Rule* 8(c), Fed.R.Civ.P., but are instead merely denials of liability and assertions that Plaintiff cannot establish a *prima facie* case. As such, the matters they raise are already in issue by virtue of the allegations of Plaintiff's complaint. Matters which are in issue from the complaint's inception need not be pleaded as affirmative defenses because such matters will not surprise the plaintiff if later raised by the defendant. *Rochholz v. Farrar*, 547 F.2d 63, 65 n. 3 (8th Cir.1976); *FDIC v. Renda*, 692 F.Supp. 128, 133 (D.Kan.1988). Although, as Defendants assert, granting the Plaintiff's motion as it relates to these defenses may have "no discernible effect on this litigation," the Court **GRANTS** Plaintiff's motion and strikes these defenses as superfluous.

The Court also **GRANTS** Plaintiff's motion to strike the defenses relating to his standing to bring this action. Plaintiff brings this action solely in his capacity as receiver of GW LIFE. He acquired that capacity by virtue of W.Va.Code § 33–10–14 (1992) which mandates whenever "a receiver is to be appointed in delinquency proceedings for a domestic or alien insurer, the court shall appoint the insurance commissioner as such receiver." As receiver, Plaintiff is vested by operation of law with all rights of action held by GW LIFE. W.Va.Code § 33–10–14(b) (1992). He asserts those rights of action on GW LIFE's behalf, having "stepped into the shoes" of the company upon his appointment as receiver. *Cf. Cook v. Eastern Gas & Fuel Assoc.*, 129 W.Va. 146, 39 S.E.2d 321, 326 (1946) (assignee of right of action steps into shoes of assignor). Defendants' allegations Plaintiff lacks standing to bring this action on behalf of GW LIFE are therefore without merit.

▉ Plaintiff also argues Defendants' assertion in the form of an affirmative defense that Plaintiff's allegations of fraud do not meet the requirements of *Rule* 9(b)[8], Fed. R.Civ.P., should be struck as improper under *Rule* 8(c), Fed.R.Civ.P. The Court concludes the defense does not constitute an avoidance or affirmative defense within the meaning of *Rule* 8(c). Moreover, the Court finds unconvincing Defendants' assertion Plaintiff's averments of fraud are insufficient to comport with *Rule* 9(b). The Court **GRANTS** Plaintiff's motion to strike this defense.

▉ Plaintiff has moved to strike a number of defenses he claims are vague and unintelligible. He asserts these defenses should be stricken because "more details regarding the factual basis for these defenses" is needed. At the pleading stage, Defendants are required only to set forth their defenses in such a form as will give Plaintiffs adequate notice of the defenses they intend to assert. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979). *Rule* 8(b), Fed.R.Civ.P., requires defenses be set forth "in short and plain terms." The Court concludes Defendants have met these requirements; Plaintiff's motion to strike these defenses as "unintelligible" is **DENIED.**

Finally, Plaintiff wishes the Court to strike from Defendants' pleadings their prayers for attorney's fees as without basis in law. Defendants cite no authority in favor of their prayer for attorney's fees, but argue an award of fees is necessary "to preserve the

---

8. *Rule* 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

principles of justice, to level the playing field and because of the unique nature of this case."

■ It is well settled attorney's fees are not ordinarily recoverable by a federal litigant in the absence of statutory authorization. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Defendants have asserted no appropriate statutory or other ground as a basis for their request for attorney's fees, and this Court is aware of none. The Court **GRANTS** Plaintiff's motion to strike the prayer for attorney's fees as legally insufficient.

The Clerk is directed to send a copy of the Appendix to this Order to counsel. The Clerk shall advise counsel the Memorandum Opinion and Order to which the Appendix is appended is available for inspection in the Clerk's Office.

## APPENDIX
### AFFIRMATIVE DEFENSES ASSERTED [1]

| No. | Defense | Disposition |
|---|---|---|
| | **Carolyn B. Lamm** [2] | |
| 1 | Failure to state a claim upon which relief can be granted. | Not challenged; struck *sua sponte.* |
| 2 | Lack of personal jurisdiction. | Not challenged; struck *sua sponte.* |
| 3 | Collateral estoppel, res judicata, merger and bar. | Motion to strike denied. |
| 4 | Statute of limitations. | Not challenged. |
| 5 | Laches. | Motion to strike denied. |
| 6 | Waiver, estoppel. | Motion to strike denied. |
| 7 | Lack of standing. | Struck. |
| 8 | No fiduciary duty. | Struck. |
| 9 | No proximate cause. | Struck. |
| 10 | Defendant acted in good faith and fulfilled professional duty of care. | Not challenged. |
| 11 | Plaintiff's failure to act sooner to place GW LIFE in receivership was intervening/superseding cause of harm. | Motion to strike denied. |
| 12 | Plaintiff's failure to report on statutory examination of GW LIFE was intervening/superseding cause of harm. | Motion to strike denied. |
| 13 | Acts and omissions of persons other than Defendant was intervening/superseding cause of harm. | Motion to strike denied. |
| 14 | Comparative negligence. | Motion to strike denied. |
| 15 | Entitlement to apportionment of liability. | Not challenged. |
| 16 | Entitlement to set off against any judgment of amounts attributable to causes of action Plaintiff failed to pursue. | Motion to strike denied. |
| 17 | Conflict of interest. | Motion to strike denied. |
| 18 | Entitlement to set off against any judgment of all amounts collected on behalf of GW LIFE's estate. | Not challenged. |
| 19 | Failure to mitigate. | Motion to strike denied. |
| 20 | Accord and satisfaction, release. | Motion to strike denied. |
| 21 | Damages alleged are speculative and therefore unrecoverable. | Struck. |
| | **Arthur W. Milam** | |
| 1 | Failure to state a claim upon which relief can be granted, lack of personal jurisdiction. | Not challenged; struck *sua sponte.* |
| 2 | Statute of limitations. | Not challenged. |
| 3 | Comparative negligence. | Motion to strike denied. |

| No. | Defense | Disposition |
|---|---|---|
| 4 | Comparative negligence. | Motion to strike denied. |
| 5 | Laches. | Motion to strike denied. |
| 6 | Collateral estoppel, res judicata. | Motion to strike denied. |
| 7 | Waiver, estoppel. | Motion to strike denied. |
| 8 | Lack of proximate cause. | Struck. |
| 9 | Avoidable consequences. | Motion to strike denied. |
| 10 | Defendant did not authorize, approve or ratify acts Plaintiff attributes to him. | Motion to strike denied. |
| 11 | Entitlement to set off against any judgment in amount of any settlement with any other person for damages Plaintiff alleges. | Not challenged. |
| 12 | Complaint should be dismissed pursuant to *Rule* 9(b), Fed.R.Civ.P. | Struck. |
| 13 | Res judicata. | Motion to strike denied. |
| 14 | Claims Plaintiff asserts are not assignable to him. | Struck. |
| 15 | Lack of standing. | Struck. |
| 16 | Failure to plead RICO allegations with sufficient probability to establish probable cause of causal connection. | Struck. |
| 17 | No duty. | Struck. |
| 18 | Sovereign immunity, qualified privilege. | Motion to strike denied. |
| 19 | Defendant acted in good faith and fulfilled professional duty of due care. | Not challenged. |
| 20 | Defendant issued no misleading opinions or reports. | Struck. |
| 21 | No reliance. | Motion to strike denied. |
| 22 | Unreasonable, unjustified, or grossly negligent reliance. | Motion to strike denied. |
| 23 | Plaintiff's cause of action is barred by acts and omissions of GW LIFE. | Not challenged. |
| 24 | Plaintiff's actions were intervening/superseding cause of injuries. | Motion to strike denied. |
| 25 | Plaintiff's failure to act sooner to place GW LIFE in receivership was intervening/superseding cause of harm. | Motion to strike denied. |
| 26 | Plaintiff's failure to report on statutory examination of GW LIFE was intervening/superseding cause of harm. | Motion to strike denied. |
| 27 | Comparative assumption of risk. | Motion to strike denied. |
| 28 | Entitlement to apportionment of liability. | Not challenged. |
| 29 | Failure to mitigate. | Motion to strike denied. |
| 30 | No fiduciary duty. | Struck. |
| 31 | Damages alleged are speculative and therefore not recoverable. | Struck. |

**Frank E. Clark Jr.; Michael J. Davoli**

| No. | Defense | Disposition |
|---|---|---|
| 1 | Lack of personal jurisdiction. | Not challenged; struck *sua sponte.* |
| 2 | Failure to state a claim upon which relief can be granted. | Not challenged; struck *sua sponte.* |
| 3 | Statute of limitations. | Not challenged. |
| 4 | Collateral estoppel, res judicata, merger and bar. | Motion to strike denied. |
| 5 | Laches. | Motion to strike denied. |
| 6 | Waiver, estoppel. | Motion to strike denied. |
| 7 | Unclean hands. | Motion to strike denied. |
| 8 | Lack of standing. | Struck. |

| No. | Defense | Disposition |
|---|---|---|
| 9 | Claims Plaintiff asserts are not assignable to him. | Struck. |
| 10 | Defendant's decisions were made in good faith and should not be second-guessed pursuant to the business judgment rule. | Not challenged. |
| 11 | Complaint should be dismissed pursuant to *Rule* 9(b), Fed.R.Civ.P. | Struck. |
| 12 | Comparative negligence. | Motion to strike denied. |
| 13 | Comparative negligence. | Motion to strike denied. |
| 14 | Comparative negligence. | Not challenged. |
| 15 | Acts and omissions of persons other than Defendant was intervening/superseding cause of harm. | Struck. |
| 16 | Avoidable consequences. | Motion to strike denied. |
| 17 | Defendant did not authorize, ratify or approve acts or omissions Plaintiff attributes to him. | Motion to strike denied. |
| 18 | Entitlement to set off against any judgment in amount of any settlement with any other person for damages Plaintiff alleges. | Not challenged. |
| 19 | Plaintiff's actions were intervening/superseding cause of injuries. | Motion to strike denied. |
| 20 | Defendant issued no misleading opinions or reports. | Struck. |
| 21 | No justifiable reliance. | Motion to strike denied. |
| 22 | No duty. | Struck. |
| 23 | Sovereign immunity, qualified privilege. | Motion to strike denied. |
| 24 | Counts I and II of complaint are void for vagueness. | Not challenged. |
| 25 | Counts I and II allege violations of 18 U.S.C. § 1961, which is unconstitutional as applied to Defendant for failure to give adequate notice of proscribed conduct. | Not challenged. |
| 26 | Complaint does not adequately establish existence of a RICO enterprise. | Struck. |
| 27 | Complaint does not adequately allege Defendant participated in affairs of a RICO enterprise. | Struck. |
| 28 | Complaint does not adequately allege Defendant engaged in a pattern of racketeering activity within the meaning of RICO. | Struck. |
| 29 | Complaint fails to state claim with sufficient specificity to establish probable cause regarding both the commission of a crime and Defendant's culpability. | Motion to strike denied. |
| 30 | Complaint does not adequately establish an "association-in-fact" enterprise within the meaning of RICO. | Struck. |
| 31 | Unreasonable, unjustified, grossly negligent reliance. | Motion to strike denied. |
| 32 | Plaintiff's actions were superseding/intervening cause of injuries. | Motion to strike denied. |
| 33 | Comparative assumption of risk. | Motion to strike denied. |
| 34 | Entitlement to apportionment of liability. | Not challenged. |
| 35 | No fiduciary duty to Plaintiff. | Struck. |
| 36 | Damages alleged are speculative and therefore not recoverable. | Struck. |
| 37 | Entitlement to set off against any judgment of amounts attributable to causes of action Plaintiff failed to pursue. | Motion to strike denied. |
| 38 | Conflict of interest. | Motion to strike denied. |
| 39 | Entitlement to set off against any judgment of all amounts collected on behalf of GW LIFE's estate. | Not challenged. |

| No. | Defense | Disposition |
|---|---|---|
| 40 | Failure to mitigate. | Motion to strike denied. |
| 41 | Accord and satisfaction, release. | Motion to strike denied. |

John H. Wilbur; Dudley D. Allen

| No. | Defense | Disposition |
|---|---|---|
| 1 | Lack of personal jurisdiction. | Not challenged; struck *sua sponte.* |
| 2 | Failure to state a claim for which relief can be granted. | Not challenged; struck *sua sponte.* |
| 3 | Statute of limitations. | Not challenged. |
| 4 | Collateral estoppel, res judicata, merger or ·bar. | Motion to strike denied. |
| 5 | Laches. | Motion to strike denied. |
| 6 | Waiver, estoppel. | Motion to strike denied. |
| 7 | Unclean hands. | Motion to strike denied. |
| 8 | Lack of standing. | Struck. |
| 9 | Claims Plaintiff asserts are not assignable to him. | Struck. |
| 10 | Defendant's decisions were made in good faith and should not be second-guessed pursuant to the business judgment rule. | Not challenged. |
| 11 | Complaint should be dismissed pursuant to *Rule* 9(b), Fed.R.Civ.P. | Struck. |
| 12 | Comparative negligence. | Motion to strike denied. |
| 13 | Comparative negligence. | Motion to strike denied. |
| 14 | Comparative negligence. | Not challenged. |
| 15 | Acts and omissions of persons other than Defendant was intervening/superseding cause of harm. | Struck. |
| 16 | Avoidable consequences. | Motion to strike denied. |
| 17 | Defendant did not authorize, ratify or approve acts or omissions Plaintiff attributes to him. | Motion to strike denied. |
| 18 | Entitlement to set off against any judgment in amount of any settlement with any other person. | Not challenged. |
| 19 | Plaintiff's actions were intervening/superseding cause of injuries. | Motion to strike denied. |
| 20 | Defendant issued ·no misleading opinions or reports. | Struck. |
| 21 | Defendant acted in good faith and fulfilled professional duty of due care. | Not challenged. |
| 22 | No justifiable reliance. | Motion to strike denied. |
| 23 | No duty. | Struck. |
| 24 | Sovereign immunity, qualified privilege. | Motion to strike denied. |
| 25 | Counts I and II of complaint are void for vagueness. | Not challenged. |
| 26 | Counts I and II allege violations of 18 U.S.C. § 1961, which is unconstitutional as applied to Defendant for failure to give adequate notice of proscribed conduct. | Not challenged. |
| 27 | Complaint does not adequately establish existence of a RICO enterprise. | Struck. |
| 28 | Complaint does not adequately allege Defendant participated in affairs of a RICO enterprise. | Struck. |
| 29 | Complaint does not adequately allege Defendant engaged in a pattern of racketeering activity within the meaning of RICO. | Struck. |
| 30 | Complaint fails to state claim with sufficient specificity to establish probable cause regarding both the commission of a crime and Defendant's culpability. | Struck. |

| No. | Defense | Disposition |
|---|---|---|
| 31 | Complaint does not adequately establish an "association-in-fact" enterprise within the meaning of RICO. | Struck. |
| 32 | Unreasonable, unjustified, grossly negligent reliance. | Motion to strike denied. |
| 33 | Plaintiff's actions were superseding/intervening cause of injuries. | Motion to strike denied. |
| 34 | Comparative assumption of risk. | Motion to strike denied. |
| 35 | Entitlement to apportionment of liability. | Not challenged. |
| 36 | No fiduciary duty to Plaintiff. | Struck. |
| 37 | Damages alleged are speculative and therefore not recoverable. | Struck. |
| 38 | Entitlement to set off against any judgment of amounts attributable to causes of action Plaintiff failed to pursue. | Motion to strike denied. |
| 39 | Conflict of interest. | Motion to strike denied. |
| 40 | Entitlement to set off against any judgment of all amounts collected on behalf of GW LIFE's estate. | Not challenged. |
| 41 | Failure to mitigate. | Motion to strike denied. |
| 42 | Accord and satisfaction, release. | Motion to strike denied. |

[1] This list is included for the parties' convenience, and does not purport to be a complete statement of each affirmative defense asserted.

[2] John J. McAvoy, who has since been dismissed as a party, asserted affirmative defenses identical to Defendant Lamm's.