Brenda STRICKLAND, Plaintiff,

v.

WAYNE FARMS–SOUTHLAND HATCHERY, Defendant.

No. Civ.A. 00–D–1540–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 1, 2001.

Malcolm R. Newman, Dothan, AL, for plaintiff.

Robert David Segall, Mitchel Hampton Boles, Copeland, Franco, Screws & Gill, Montgomery, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Wayne Farms–Southland Hatchery's Motion For Summary Judgment, which was filed December 5, 2000. Plaintiff issued a Response on February 26, 2001. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion is due to be granted.

### I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 12101 (Americans With Disabilities Act). Neither party contests personal jurisdiction or venue.

## II. SUMMARY JUDGMENT STANDARD

The court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely determines whether there is more than "some metaphysical doubt" about whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted); *Matsushita Electric Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. FACTUAL BACKGROUND

This case presents a dispute over the applicability of the statute of limitations under the Americans with Disabilities Act ("ADA"). Plaintiff is a former employee of Wayne Farms–Southland Hatchery. She vaccinated young chickens, but gradually developed an allergy that prevented her from continuing in this position. On advice of her physician, she requested a job transfer. Defendant allegedly refused to accommodate her request, and she abandoned her employment. She has remained unemployed ever since. (Compl.¶¶ 5–11.)

Plaintiff filed an EEOC charge, and the right-to-sue letter was delivered to Plaintiff's post office on July 29, 2000. (Def.Ex.3.) Plaintiff received certified notice of the same no later than August 1, 2000. (Pl.Ex.A.) Plaintiff's counsel states that he mailed his complaint, via first-class mail, on October 27, 2000. The complaint, however, was not stamped as received by the Clerk of the Court for the United States District Court of the Middle District of Alabama until November 6, 2000. Defendant, therefore, alleges that Plaintiff's suit is barred by ADA's statute of limitations.

## IV. DISCUSSION

The ADA prohibits discrimination by a covered employer against a "qualified individual with a disability because of the disability of such individual." *See* 42 U.S.C. § 12112(a). The ADA specifically incorporates the procedural provisions of Title VII. *See id.* § 12117(a). Therefore, an aggrieved party must file a civil action in federal court no later than 90 days after receiving a right to sue letter. *See id.* § 2000e–5(f)(1).

■ "[T]he ninety-day filing period is triggered upon a plaintiff's receipt of the first certified mail notice requiring the claimant to pick up his mail." *Zillyette v. Capital One Financial Corp.,* 1 F.Supp.2d 1435, 1440 (M.D.Fla.1998). Therefore, under the statute of limitations established by Congress, Plaintiff must have filed her complaint on or before October 30. Unfortunately, Plaintiff missed the deadline by one full week. Accordingly, Defendant's motion for summary judgment is due to be granted.

■ Plaintiff's counsel maintains that he mailed the complaint on October 27, which was within the statute of limitations. Counsel also argues that mail from his office usually reaches the federal courthouse within two days.[1] Thus, he believes that either the post office or the clerk's office erred, and he urges the court to overlook his tardy filing. The court will not.

---

1. The court accepts these representations as true, although there is no evidence to support them.

■ A civil action is instituted only by "filing a complaint with the court." FED. R.CIV.P. 3. "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir.1989) (per curiam); *Turner v. Singletary,* 46 F.Supp.2d 1238, 1242 (N.D.Fla. 1999). "Papers arriving after a deadline are untimely even if mailed before the deadline." *Clark v. Milam,* 152 F.R.D. 66, 69 (S.D.W.Va.1993). *See generally* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1153 at 443–46 (1987).

The Supreme Court has held that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). The Court also has stressed that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (dismissing pro se Title VII complaint for failing to comply with 90–day filing requirement).

■ Plaintiff was represented by able counsel, who surely was aware of ADA's 90–day requirements. The Federal Rules of Civil Procedure provide ample alternative methods for the filing of pleadings, and our local rules—which are available over the Internet—are even more charitable. *See* FED.R.CIV.P. 5(e); M.D.ALA.L.R. 5.3. "Plaintiff should be required to assume some minimum responsibility ... for an orderly and expeditious resolution of [her] dispute." *Law v. Hercules, Inc.,* 713 F.2d 691, 692 (11th Cir.1983). When counsel elects to file his complaint near the end of the statute of limitations, and to rely on the postal service in delivering the same, he runs the risk of untimely filing. *See Cooper, supra; Clark, supra.*

Similarly, Plaintiff provides absolutely no evidence to support her contention that the Clerk of Court processed Plaintiff's Complaint in an inefficient manner. Without corroborating evidence, claims of this nature fail as a matter of law. *See Flaherty v. Illinois Dep't of Corr.,* 1994 WL 687540 at *2 (N.D.Ill.1994) (declining to invoke equitable tolling in the face of unverified allegations of clerical error). Accordingly, the court finds that Plaintiff's Complaint is barred by the applicable statute of limitations, and summary judgment is due to be granted.

### V. ORDER

It is CONSIDERED and ORDERED that Defendant Wayne Farms–Southland Hatchery's Motion For Summary Judgment be and the same is hereby GRANTED. A judgment shall be entered separately.