411 S.E.2d 844

**Brenda Michelle COOK and Linda D. Pill, Plaintiffs Below,**

v.

**Don STANSELL, Defendant Below.**

**MARTINSBURG PARTNERS, LIMITED PARTNERSHIP, an Alabama Limited Partnership, Jake F. Aronov, Owen Aronov, Teri A. Diamond, Alex D. Baker, M. D. Lewis, Jeffrey T. Weil, H. H. Garland, Jr., Aronov Realty Company, a Foreign Corporation, Defendants and Third–Party Plaintiffs,**

v.

**JoAnn GALL, Third–Party Defendant.**

No. 20139.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1991.

Decided Oct. 31, 1991.

Modified Nov. 22, 1991.

D. Michael Burke, Martinsburg, for plaintiffs.

Richard L. Douglas, Norwood Bentley, III, Martinsburg, for defendants and third-party plaintiffs.

Susan R. Snowden, E. Kay Fuller, Martinsburg, for third-party defendant.

BROTHERTON, Justice:

The three certified questions presented in this case raise the issue of whether a good faith settlement by a nonparty to a tort action bars the later impleading of that nonparty into the action. The Circuit Court of Berkeley County, in answering the certified questions, concluded that the settlement did not bar the later impleading of the settling nonparty. In the present proceeding, JoAnn Gall, a party who settled in good faith with Brenda M. Cook for personal injuries sustained by Ms. Cook, claims that the circuit court's conclusions were erroneous. After reviewing the questions presented, this Court agrees with Ms. Gall's assertions and answers the questions certified so as to recognize that Ms. Gall's good faith settlement bars the later impleading of her into a civil action instituted by Ms. Cook.

On March 7, 1988, Brenda M. Cook, who was a patron in a beauty parlor located in a shopping center on Edwin Miller Boulevard in Martinsburg, West Virginia, was injured when JoAnn Gall drove a vehicle through the front window of the beauty parlor. Following the incident, JoAnn Gall entered into a good-faith settlement agreement with Brenda M. Cook which provided for monthly payments for twenty-five years and a lump sum payment on January 20, 2015. It also provided for the payment of certain of Ms. Cook's medical expenses. The settlement agreement specifically provided that Ms. Cook released Ms. Gall from liability and that the release was expressly intended to cover and include all rights or causes of action which might exist or thereafter accrue against Ms. Gall.

After entering into the settlement agreement, Ms. Cook instituted a civil action in the Circuit Court of Berkeley County against the owners and managers of the shopping mall in which the beauty shop was located. The complaint alleged that the shopping mall had been negligently designed and constructed.

Following institution of the action, certain of the parties defendant filed a third-party complaint against JoAnn Gall. The third-party complaint alleged that Ms. Gall's negligence had caused the injury sustained by Ms. Cook.

After the third-party complaint was filed, JoAnn Gall, on May 17, 1990, filed a motion to dismiss. In that motion, she, in essence, alleged that the settlement agreement which she had entered into with Ms. Cook absolved her of responsibility and that under the circumstances she could not properly be impleaded into the action. Subsequent to the filing of the motion to dismiss, the parties formulated the three questions which are now certified to this Court. The first question was:

> When a settlement is entered into between a non-party and a claimant prior to the institution of suit, Can a defendant implead the non-party in a subsequently filed civil action as long as the settlement was entered into in good faith and the amount of the settlement is disclosed to the trial court for verdict reduction?

The circuit court answered this question in the affirmative. The second question certified was:

> Does a good faith settlement entered into between a non-party and a claimant prior to the institution of a lawsuit discharge

the settling non-party from any further contribution to any party regardless of the jury's allocation of the percentage of negligence?

The circuit court answered this question in the negative. The third question certified was:

Is a non-settling defendant subject to payment of damages found by a jury in excess of that defendant's negligence as allocated by a jury because of West Virginia's Joint and Several Liability Rule?

The circuit court answered this question in the affirmative.

The questions have now been certified to this Court for a more definitive resolution of the questions presented.

Shortly before the Circuit Court of Berkeley County certified the questions, this Court handed down its decision in the case of *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990). In syllabus point 6 of that case, this Court stated that:

A party in a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution.

In reaching this conclusion, the Court explained the doctrine of contribution and indicated that the right of contribution arises when persons having a common obligation, as in a tort situation, are sued on that obligation and one party is forced to pay more than his *pro tanto* share of the obligation. The Court found that a large body of opinion throughout the United States recognizes that where a party in a civil action makes a good faith settlement before trial, he should be relieved of later liability in the case. The Court noted that such a rule favors the strong public policy favoring out of court resolution of disputes and that no defendant would want to settle when he remains open to contribution in an uncertain amount to be determined on the basis of a judgment against another in the suit which is to follow. The Court also found that most jurisdictions recognize that the non-settling defendant's right of contri-

bution from other joint wrong doers is extinguished by the plaintiff's settlement.

In summary, this Court recognized that where an individual makes a good faith settlement before a judicial determination of liability, that individual is relieved of any liability for contribution. In effect, the joint tortfeasor's right to contribution is extinguished; but the non-settling joint tortfeasor is entitled to a credit for the amount paid in such settlement, as indicated in syllabus point 5 of *Board of Education v. Zando, Martin & Milstead, Inc., Id.:*

" 'Where a payment is made, and release obtained, by one joint tort-feasor, the other joint tort-feasors shall be given credit for the amount of such payment in the satisfaction of the wrong.' Point 2, Syllabus, *Hardin v. The New York Central Railroad Company,* 145 W.Va. 676 [116 S.E.2d 697 (1960) ]." Syllabus Point 1, *Tennant v. Craig,* 156 W.Va. 632, 195 S.E.2d 727 (1973).

■ Because under the principles set forth in *Board of Education v. Zando, Martin & Milstead, Inc., supra,* JoAnn Gall's good faith settlement relieved her from any liability for contribution, this Court concludes that to join her as a third-party defendant would unduly complicate the proceedings at hand and could result in no judgment against her. Therefore, the Court concludes that when a settlement is entered into between a non-party and a claimant prior to the institution of the suit, a defendant in the suit cannot implead the non-party in a subsequently filed civil action, so long as the settlement was entered into in good faith and the amount of the settlement was disclosed to the trial court for verdict reduction.

■ The second certified question as to whether the good faith settlement bars any further contribution regardless of the jury's allocation of the percentage of negligence is also answered by *Board of Education v. Zando, Martin & Milstead, Inc., supra.* The good faith settlement relieves the settling party of any further claims for contribution regardless of any ultimate al-

location of fault to the settling party by the jury. In *Board of Education v. Zando, Martin & Milstead, Inc.,* one of the settling parties was found 75 percent at fault. It had settled for $600,000. Under the jury's allocation, it would have owed $712,500. We held that its good faith settlement insulated it against further liability.

 The final question in this case is whether a non-settling defendant can be subject to the payment of damages in excess of that defendant's negligence as allocated by a jury under West Virginia's joint and several liability rule. In Syllabus point 7 of *Board of Education v. Zando, Martin & Milstead, Inc., supra,* this Court stated:

> Defendants in a civil action against whom a verdict is rendered are entitled to have the verdict reduced by the amount of any good faith settlements previously made with the plaintiff by other jointly liable parties. Those defendants against whom the verdict is rendered are jointly and severally liable to the plaintiff for payment of the remainder of the verdict. Where the relative fault of the nonsettling defendants has been determined, they may seek contribution among themselves after judgment if forced to pay more than their allocated share of the verdict.

From this language, it is clear that once the verdict is reduced by the amount of any good faith settlement, the net amount of the verdict can be collected by the plaintiff against the non-settling defendants. The plaintiff may collect all or any portion of the net amount from any non-settling defendant under our joint and several liability rule. As we explained in syllabus point 3 of *Board of Education v. Zando, Martin & Milstead, Inc., supra:*

> "This jurisdiction is committed to the concept of joint and several liability among joint tortfeasors. A plaintiff may elect to sue any or all of those responsible for his injuries and collect his damages from whomever is able to pay, irrespective of their percentage of fault. Our adoption of a modified rule for contributory negligence in *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256

S.E.2d 879 (1979), did not change our adherence to joint and several liability." Syllabus Point 2, *Sitzes v. Anchor Motor Freight, Inc.,* 169 W.Va. 698, 289 S.E.2d 679 (1982).

As outlined in Syllabus Point 7 of *Board of Education v. Zando, Martin & Milstead, Inc., supra,* any non-settling defendant who pays more than his share of negligence as allocated by the jury is entitled to seek contribution from the other non-settling defendant. However, because of our policy to encourage good faith settlements, such defendant cannot seek contribution from a settling party who makes a good faith settlement.

Certified Question No. 1 is, therefore, answered in the negative instead of the affirmative as answered by the circuit court; Certified Question No. 2 is answered in the affirmative rather than the negative as answered by the circuit court; and Certified Question No. 3 is answered in the affirmative as answered by the circuit court. The certified questions having been answered, this case is dismissed.

Certified questions answered; case dismissed.