Myrl **BURDEN, Administratrix and Personal Representative of the Estate of Charles Burden, deceased, Plaintiff,**

v.

**UNITED STATES of America ARMY CORPS OF ENGINEERS, Defendant and Third–Party Plaintiff,**

v.

**MULZER CRUSHED STONE, INC., Third–Party Defendant.**

Civ. A. No. 6:91–1110.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 13, 1992.

---

Gary E. Pullin, Cleek, Pullin & Bibb, Charleston, W.Va., Gary Logsdon, Brownsville, Ky., Steven C. Schletker, Lawrence & Schletker, Covington, Ky., for plaintiff.

Donald L. Stennett, Asst. U.S. Atty., Charleston, W.Va., Michelle T. Delemarre, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., for defendant and third-party plaintiff.

Todd M. Powers, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, John A. Smith, Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Third–Party Defendant Mulzer Crushed Stone, Inc.'s (Mulzer) motion for summary judgment pursuant to *Rule* 56(e) of the Federal Rules of Civil Procedure. Response and reply briefs have been submitted and now this matter is ripe for the Court's attention.

Under *Rule* 56(c) of the Federal Rules of Civil Procedure summary judgment is proper:

"If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). However, once the moving party has met its initial burden the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. As will become evident, summary judgment is appropriate. The Court GRANTS Third–Party Defendant Mulzer's motion for summary judgment.

Plaintiff sued the United States, claiming that the negligence of the United States Army Corps of Engineers, a non-settling Defendant, had caused the death of Charles Burden. The United States denied

liability for the death and filed a third-party complaint against Mulzer alleging that Mulzer was partially or completely responsible for the death of Burden. On September 18, 1991, the United States District Court for the Eastern District of Kentucky approved a good faith settlement between Plaintiff herein and Mulzer. The settlement agreement between Burden and Mulzer provided in pertinent part:

"In consideration of the payment of ... to Myrl Burden as administratrix of the estate of Charles Burden ... by and on behalf of the estate, heirs, dependents and next of kin, agrees to RELEASE, HOLD HARMLESS, DEFEND AND INDEMNIFY Mulzer Crushed Stone ... its principals, affiliates, employees, equipment, insurers and agents from any and all liability arising in any way from the death of Charles Burden."

In the case at bar, Mulzer was free to assess its potential liability and exposure prior to settling. The Corps of Engineers, likewise, was free to make this assessment. Thus, Mulzer is entitled to the potential benefit, as well as the risk of its settlement decision, irrespective of whether the Plaintiff or other Defendants are determined to have made a favorable settlement. See *Jovovich v. Desco Marine, Inc.*, 809 F.2d 1529 (11th Cir.1987).[1] The Court's ruling today comports with its previous ruling in *Ervin D. Best, et al v. Robert L. Mattingly, Sr., et al*, Civil Action No. A:86–0521, Slip Op. at 6, 1987 WL 168442 (S.D.W.Va., Dec. 1, 1987) where the Court held: "a non-settling tort-feasor has no right to contribution from a settling tortfeasor...."

In the years since that decision, the experience of this Court continues to be that settlement of litigation is essential to the effective administration of justice. Settlements provide relief from the constant strain on the Court's resources, and allow parties to litigation to value the case without submitting to the vagaries of trial. The policy of favoring amicable settlements is so well established that further comment is unnecessary.

■ The good faith settlement entered between Plaintiff and Mulzer was to give Mulzer an opportunity to both calculate and limit its liability through negotiation. To require Mulzer to further defend itself in this action would conflict directly with the underlying purpose of settlement, fairness and judicial economy. The settlement between Mulzer and the Plaintiff makes the Plaintiff whole with regard to Mulzer's conduct and apportionment of fault in the death of Charles Burden. Of course, the Corps of Engineers may be entitled to a set-off in the amount of the settlement made between Mulzer and the Plaintiff in the event the Corps of Engineers is found to be at fault and liable; but again Mulzer's good faith settlement with the Plaintiff relieves it from any liability for contribution to the Corps.

The Court concludes that there is no genuine issue of material fact in dispute and that as a matter of law, Mulzer is entitled to judgment on the third-party complaint. Accordingly, the Court GRANTS Mulzer's motion for summary judgment against the Army Corps of Engineers' third-party complaint. Since there is no just reason for delay, the Court ORDERS that final judgment on the third-party complaint be entered and that the third-party complaint be dismissed and stricken from the docket of the Court.

■

**1.** Although only persuasive authority, the Supreme Court of Appeals of West Virginia recently held in *Cook v. Stansell*, 186 W.Va. 189, 411 S.E.2d 844 (1991) at Syl. pt. 1, that "a party in a civil action who has made a good faith settlement with the plaintiff prior to a judicial determination of liability is relieved from any liability for contribution."