**Hanley C. CLARK, Commissioner of Insurance for the State of West Virginia, as Receiver of George Washington Life Insurance Co., Plaintiff,**

v.

**Arthur W. MILAM [term. 2/13/95], John W. Wilbur, Dudley D. Allen and Frank E. Clark, Jr., Defendants.**

Civ. A. No. 2:92–0935.

United States District Court, S.D. West Virginia, Charleston Division.

July 7, 1995.

Rudolph L. DiTrapano and Debra L. Hamilton, DiTrapano & Jackson, Charleston, WV, Ellen G. Robinson, C. Philip Curley, Mary Cannon Veed, Cynthia H. Hyndman & Judi A. Lamble Robinson, Curley & Clayton, P.C., Chicago, IL, for plaintiff.

John H. Wilbur, Jacksonville, FL, Dudley D. Allen, Jacksonville, FL, Frank E. Clark, Jr., Jacksonville, FL, for defendants.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

On April 10, 1995, the jury reached its verdict and found the Defendants liable on two of the four counts alleged by the Receiver. On April 12, 1995, the Court entered its Partial Final Judgment on the Jury Verdict. Since then the parties filed several post-trial motions, which now are fully briefed and ripe for adjudication.

Pending are the following motions: (1) the Receiver's Rule 59(e) motion to alter partial final judgment on the jury verdict and for costs; (2) the motion of Defendants Allen and Wilbur for stay of enforcement of judgment; (3) Defendants Allen and Wilbur's motion for new trial; (4) Defendants Allen and Wilbur's motion to modify or alter the partial final judgment on the jury verdict and to grant Defendants credit for settlements made prior to trial; and (5) Defendant Clark's motion to grant Defendant credit for settlements made prior to trial. The Court will treat the Defendants' two motions seeking credit for settlements prior to trial as one motion.

The Court now proceeds to the substance of the parties' motions rather than attempting to restate the complicated factual underpinnings of this action. If reacquaintance with the facts is desired, the Court directs the reader to the numerous published opinions generated in this action.[1]

I

**Defendants' Motion for New Trial**

Defendants Allen and Wilbur moved for a new trial pursuant to Rule 59(a), Federal Rules of Civil Procedure. They seek to set aside the jury's verdict, vacate the Partial Final Judgment, and grant the Defendants a new trial as to Count III (breach of fiduciary duty) and Count IV (professional malpractice). The Defendants assert twenty-four grounds in support of their motion.

Rule 59(a), Federal Rules of Civil Procedure, provides, in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]

*Id.* Having thoroughly considered the Defendants' grounds for new trial under the rule, the Court finds each to be wholly without merit. Accordingly, the Defendants' motion for a new trial is **DENIED.**

II

**Receiver's Motion to Alter Partial Final Judgment and for Costs**

The Receiver moved to alter partial final judgment on the jury verdict pursuant to Rule 59(e), Federal Rules of Civil Procedure. The Receiver asks the Court to restore the amounts offset from the judgment for the jury's apportionment of fault to the Receiver in his capacity as Insurance Commissioner and regulator. The Receiver argues any negligence attributed to him in his capacity as Insurance Commissioner and regulator cannot be applied to reduce the verdict he obtained in his capacity as Receiver.

The Receiver also moves the Court to award him costs as the prevailing party pursuant to Rule 54(d)(1), Federal Rules of Civil Procedure. The Defendants' brief opposition contends only the motion is premature.

 As an affirmative defense, the Defendants asserted the Insurance Commissioner had been negligent in his duties toward them. The jury found the Insurance Commissioner, as regulator, contributorily negligent on both counts. In the partial judgment the Court applied the negligence of the Insurance Commissioner to reduce the jury award by one-third (33%) on Count III and by forty percent (40%) on Count IV.

---

1. *Clark v. Milam I,* 813 F.Supp. 431 (S.D.W.Va.1993); *Clark II,* 830 F.Supp. 316 (S.D.W.Va.1993); *Clark III,* 152 F.R.D. 66 (S.D.W.Va.1993); *Clark IV,* 847 F.Supp. 409 (S.D.W.Va.1994); *Clark V,* 847 F.Supp. 424 (S.D.W.Va.1994); *Clark VI,* 155 F.R.D. 546 (S.D.W.Va.1994); *Clark VII,* 872 F.Supp. 307 (S.D.W.Va.1994); and *Clark VIII,* 192 W.Va. 398, 452 S.E.2d 714 (1994).

The Receiver's argument not to reduce the judgment by the Insurance Commissioner's negligence is compelling. It comports with the Court's earlier ruling that the Defendants could not assert counterclaims against the Insurance Commissioner. The Court held and ordered as follows:

> Generally, however, in an action brought by a plaintiff in a representative capacity, a defendant cannot assert a counterclaim against plaintiff in his individual capacity because such a claim in not asserted against an "opposing party." *State of N.C. v. Alexander & Alexander Serv. Inc.,* 711 F.Supp. 257, 263 (E.D.N.C.1989); *Banco Nacional de Cuba v. Chase Manhattan Bank,* 658 F.2d 875, 885 (2nd Cir.1981); *In re Sunrise Securities Litigation,* 818 F.Supp. 830, 835 (E.D.Pa.1993). Assertion of a counterclaim "requires that the counterdefendant and the plaintiff be the same entity, and, as a result, if a party sues in one capacity the defendant may not counterclaim against plaintiff in another capacity." *Sunrise Securities,* 818 F.Supp. at 835.

Plaintiff brings this action solely in his capacity as receiver of GW LIFE. He acquired that capacity by virtue of W.Va. Code § 33–10–14 (1992) which mandates whenever "a receiver is to be appointed in delinquency proceedings for a domestic or alien insurer, the court shall appoint the insurance commissioner as such receiver." As receiver, Plaintiff is vested by operation of law with all rights of action held by GW LIFE. W.Va.Code § 33–10–14(b) (1992). He asserts those rights of action on GW LIFE's behalf, having "stepped into the shoes" of the company upon his appointment as receiver. *Cf. Cook v. Eastern Gas & Fuel Assoc.,* 129 W.Va. 146, 39 S.E.2d 321, 326 (1946) (assignee of right of action steps into shoes of assignor).

Defendant Wilbur's counterclaim asserts claims against Plaintiff not in his capacity as receiver of GW LIFE, but rather in his individual and regulatory capacities. His claims relate primarily to actions he attrib-utes to Plaintiff prior to GW LIFE's liquidation. None of the counterclaim's allegations describe conduct for which GW LIFE, or Plaintiff as its receiver could stand liable. Consequently, the counterclaim is improper under *Rule* 13, and Plaintiff's motion to dismiss the counterclaim is GRANTED. The Court ORDERS the counterclaim be dismissed.

Memorandum Opinion and Order of August 20, 1993, pages 7–8 (emphasis in original).[2]

Although the Supreme Court of Appeals of West Virginia has not passed on this issue, this Court believes the West Virginia Court would follow other courts and hold any negligence of the Insurance Commissioner as regulator could not be attributed to his representational capacity as Receiver. *See Foster v. Rockwood Holding Co.,* 158 Pa.Cmwlth. 258, 264, 632 A.2d 335, 338 (1993) (defendants cannot assert regulatory negligence to offset their alleged culpability to receiver); *State of N.C. ex rel. Long v. Alexander & Alexander,* 711 F.Supp. 257, 264 (E.D.N.C.1989) (any award cannot be set off by counterclaims against the Commissioner, since the Commissioner is only a party as insurance company's representative); *Corcoran v. National Union Fire Ins. Co.,* 143 A.D.2d 309, 311, 532 N.Y.S.2d 376, 378 (N.Y.App.Div.1988) (Superintendent as Liquidator subject only to defenses that could be raised against insurance company); *In the Matter of the Liquidation of Ideal Mutual Ins. Co.,* 140 A.D.2d 62, 66–67, 532 N.Y.S.2d 371, 374 (N.Y.App.Div.1988) (negligent conduct of Superintendent as regulator is not conduct of the Superintendent as Liquidator).

Accordingly, the Court is now of the opinion that the jury's finding of negligence by the Insurance Commissioner cannot be used to reduce its award to the Commissioner in his capacity as the Receiver for George Washington Life. Negligence attributable to the Commissioner as regulator is not attributable to George Washington Life nor to the Receiver as GW LIFE's representative. The Court **GRANTS** the Receiver's motion to

---

2. W.Va.Code § 33–10–14(b) provides: "As domiciliary receiver, the commissioner shall be vested by operation of law with the title to all the property, contract, and rights of action and all of the books and records of the insurer, wherever located, as of the date of entry of the order directing him to rehabilitate or liquidate a domestic insurer[.]"

alter partial final judgment on the jury verdict and **VACATES** its Partial Final Judgment on the Jury Verdict insofar as the Court reduced the jury award to the Receiver by the percentage negligence of the Insurance Commissioner.[3]

The Defendants are not prejudiced by this ruling. If the Court has erred, such error is preserved and our Court of Appeals may modify the judgment on appeal without remanding this matter for further proceedings.

■ Turning now to the motion for award of costs, Rule 54(d)(1) provides, in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]

*Id.* "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs.... Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir.1994) (citations omitted), *cert. denied,* — U.S. —, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995).

The Court finds and concludes the Receiver was the prevailing party. As discussed above, the jury returned a verdict in favor of the Receiver on two of the four counts and awarded damages in excess of thirteen million dollars. Accordingly, the Court holds the Receiver is entitled to reasonable costs and **GRANTS** the Receiver's motion for costs, subject to compliance with the rules of Court.

The Receiver has not complied yet with Rule 7.01 of the Local Rules of Civil Procedure of this judicial district. Rule 7.01 provides:

The prevailing party shall prepare a bill of costs as soon as possible after entry of the final judgment on the form supplied by the clerk. The bill of costs shall contain an itemized schedule of the costs and a statement signed by counsel for the prevailing party that the schedule is correct and the charges were actually and necessarily incurred. The original of the bill of costs shall be filed with the clerk and a copy served on counsel for the adverse party or on the unrepresented adverse party.

If an adverse party makes specific objections to any item filed by the prevailing party, the clerk shall set the matter for hearing or may assess costs based on the papers submitted.

*Id.* Accordingly, so costs may be assessed appropriately by the Clerk, the Court **ORDERS** the Receiver, as the prevailing party, to submit a bill of costs in accordance with Local Rule 7.01 within twenty days of the receipt of this Memorandum Opinion and Order. Thereafter, the Defendants will have fourteen days within which to object and the Receiver will have seven days to reply to any objections.

### III

### Defendants' Motions for Credit for Pretrial Settlements

Pending are the Defendants' two motions for credit for pretrial settlements. They seek credit for the settlement amounts the Receiver has received from Arthur W. Milam and Mahoney Adams & Criser, P.A. ($1,875,000.00); from Donald F. Withers, Byron N. Thompson, Jr., and Coopers & Lybrand, L.L.P. ($4,375,000.00); and from Carolyn B. Lamm, John J. McAvoy, and White & Case ($1,166,666.66). The three settlements total $7,416,666.66. The Defendants also seek a reduction of damages by the fifteen percent liability attributed to Michael J. Davoli[4] on

---

3. The Court distinguishes *State of West Virginia v. Ruthbell Coal Co.,* 133 W.Va. 319, 56 S.E.2d 549 (1949), and its progeny, which the Court briefly discussed in *Clark III,* 152 F.R.D. at 72. *Ruthbell,* which was expressly limited by *State Road Commission v. Ball,* 138 W.Va. 349, 76 S.E.2d 55 (1953), does not allow counterclaims or affirmative defenses raised against a State agency suing as a representative of a private

entity to affect the possible recovery of the private entity.

4. Mr. Davoli was a *pro se* co-defendant in this action. The Court severed the claims and defenses between the Receiver and Mr. Davoli from the trial of the remaining defendants because Mr. Davoli was gravely ill and thus unavailable at trial time. Memorandum Opinion and Order of March 23, 1995, n. 1.

both counts and to apply to Count IV a Florida statute which abrogates joint and several liability.

The Receiver has responded in opposition. He also asserts the settlements should be apportioned between the two counts before the Court makes any reduction in damages.

### A

### Applicability of the Florida Statute

■ The Defendants argue the Court should apportion liability for Count IV according to Florida Statute § 768.81(3).[5] The Defendants contend application of West Virginia's conflict of law rule requires the Court to apply the Florida statute and apportion damages according to their percentage liability rather than apply West Virginia's joint and several liability rule.

The Court holds Defendants have waived application of Florida Statute § 768.81(3). They submitted no jury instruction based on the Florida statute. Further, no Defendant objected to the instruction given on West Virginia's rules for comparative negligence and joint and several liability.

Assuming, *arguendo*, the Court would use the Florida statute through application of West Virginia's choice of law rule [6], the result would be no different from application of West Virginia's rule on joint and several liability. This is so because under the Florida statute "where a tortfeasor's fault is greater than or equal to that of the plaintiff's, such tortfeasor is jointly and severally liable for economic damages." *Williams v. Arai Hirotake, Ltd.*, 931 F.2d 755, 758 (11th Cir.1991). Here, no responsibility or fault was assessed to the Receiver. As the Court now holds, *supra* at p. 6, the responsibility attributed to the Insurance Commissioner cannot be attributed further to the Receiver. As such, each Defendant's responsibility is greater than the Receiver's. Further, only economic damages were awarded in this action, the liability for which is joint and several under the Florida statute. *Foreman v. Russo*, 624 So.2d 333, 335 (Fla.App.1993), *review denied*, 637 So.2d 234 (Fla.1994).

Accordingly, the Court **DENIES** the Defendants' motion insofar as it seeks to apply Florida Statute § 768.81(3) to the jury's determination of damages under Count IV.

### B

### Allowance for Davoli's Liability

■ The Defendants urge the Court to reduce the jury award against them by the automobile guest passenger statute despite the fact the accident occurred in Indiana. The Court noted: "It is the strong public policy of [West Virginia] that persons injured by the negligence of another should be able to recover in tort." *Id. See also Miller v. Romero*, 186 W.Va. 523, 527, 413 S.E.2d 178, 182 (1991). The Court refused to enforce the Indiana statute because it violated this strong public policy.

In addition to its commitment to *lex loci delicti*, the Supreme Court of Appeals of West Virginia maintains a strong commitment "to the concept of joint and several liability among joint tortfeasors." Syllabus Point 3, *Board of Education of McDowell Co. v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990). *See, e.g.*, Syllabus Point 1, *Kodym v. Frazier*, 186 W.Va. 221, 412 S.E.2d 219 (1991); Syllabus Point 2, *Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. 698, 289 S.E.2d 679 (1982); *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 343–346, 256 S.E.2d 879, 886–887 (1979). Application of Florida Statute § 768.81(3) thus may be inappropriate because it may contravene West Virginia's commitment to allowing victims of negligence to recover in tort, as well as West Virginia's commitment to joint and several liability in furtherance of such recovery.

---

**5.** Florida Statute § 768.81(3) provides:

Apportionment of damages.—In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.

*Id.* The section applies to negligence claims which include civil actions for "professional malpractice whether couched in terms of contract or tort". Florida Statute § 768.81(4)(a).

**6.** The Court doubts whether application of West Virginia's choice of law rule would lead inexorably to application of Florida law. The Supreme Court of Appeals of West Virginia reaffirmed its commitment to *lex loci delicti* in *Paul v. National Life*, 177 W.Va. 427, 433, 352 S.E.2d 550, 556 (1986). However, the Supreme Court of Appeals also recognized "that comity does not require the application of the substantive law of a foreign state when that law contravenes the public policy of [West Virginia]." *Id.* In *Paul*, the West Virginia Court rejected the application of the Indiana

percentage of liability attributable to Davoli whom the jury found to be fifteen percent responsible for the three Defendants' breach of their fiduciary duty and for Defendants Wilbur and Allen's professional malpractice.

■ Although the claims against Davoli were severed from this action, it was appropriate for the jury to consider his relative degree of fault for an accurate determination of the parties' relative degrees of fault. The Supreme Court of Appeals of West Virginia has noted: "In order to obtain a proper assessment of the total amount of the plaintiff's contributory negligence under our comparative negligence rule, it must be ascertained in relation to all of the parties whose negligence contributed to the accident, and not merely those defendants involved in the litigation." Syllabus Point 3, *Bowman v. Barnes*, 168 W.Va. 111, 282 S.E.2d 613 (1981); Syllabus Point 4, *Miller v. Monongahela Power Co.*, 184 W.Va. 663, 403 S.E.2d 406 (1991). In *Bowman*, the Court further stated:

Undoubtedly, there may be situations where the absent party cannot be brought into the suit, either because the party is beyond the court's jurisdiction, or has the benefit of some immunity, such as governmental immunity, or the benefit of the employer's defense of workmen's compensation. In these situations, it would appear to be unfair to preclude a consideration of the plaintiff's contributory negligence in regard to this absent party. To parallel the [*Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544 (1977)] rationale, the plaintiff should not be able to diminish his own contributory negligence by the inability to bring a particular party into the litigation.

168 W.Va. at 123, 282 S.E.2d at 620.

West Virginia is committed to joint and several liability. *See, supra*, n. 6. "A plaintiff may elect to sue any or all of those responsible for his injuries and collect his damages from whomever is able to pay, irrespective of their percentage of fault." Syllabus Point 2, *Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. 698, 289 S.E.2d 679 (1982). *See, e.g., Cook v. Stansell*, 186 W.Va. 189, 192, 411 S.E.2d 844, 847 (1991); Syllabus Point 3, *Miller v. Monongahela Power Co.*, 184 W.Va. 663, 403 S.E.2d 406 (1991); Sylla-

bus Point 3, *Board of Education of McDowell Co. v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990). "Where the relative fault of the nonsettling defendants has been determined, they may seek contribution among themselves after judgment if forced to pay more than their allocated share of the verdict." Syllabus Point 7, *Zando, Martin & Milstead*, 182 W.Va. 597, 390 S.E.2d 796 (1990); Syllabus Point 3, *Stansell*, 186 W.Va. 189, 411 S.E.2d 844 (1991).

■ The West Virginia joint and several liability rule does not provide for the reduction of the jury's verdict by the amount of responsibility attributed to an absent tortfeasor. Under the rule, "[a] party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident." Syllabus Point 3, *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). *See McClanahan v. Putnam Co. Comm.*, 174 W.Va. 478, 479, 327 S.E.2d 458, 460 (1985); Syllabus Point 1, *Adkins v. Whitten*, 171 W.Va. 106, 297 S.E.2d 881 (1982). The only situations in which the jury's verdict is reduced is for the contributory negligence of the plaintiff, *Bradley*, 163 W.Va. at 343, 256 S.E.2d at 886, and for "the amount of any good faith settlement". *Stansell*, 186 W.Va. at 192, 411 S.E.2d at 847.

Here, no responsibility is attributable to the Plaintiff Receiver nor has Davoli reached a good faith settlement with the Receiver. Defendants may be able to seek contribution from Davoli, but the Court will not apply the percentage of responsibility attributed to Davoli to reduce the verdict. The Defendants remain jointly and severally liable for the full amount of the verdict less the *amount of* settlements received by the Plaintiff. Accordingly, the Defendants motion is **DENIED** insofar as it seeks to have Davoli's percentage of responsibility applied to reduce the verdict.

### C

#### Apportionment of Settlements

■ In addition to the Defendants' motion seeking credit for the settlements, the Receiver, in his response to the Defendants'

motion, moved the Court to apportion the pretrial settlements between the two Counts on which the Defendants were found liable. The lump sum settlements were not designated as to which counts they were to be applied. The Receiver argues the amount of settlement should be proportionately divided between the two Counts. The Defendants opposed this argument in their reply.

The Court agrees with the Receiver and apportions the settlements ratably between the two Counts. This is the most equitable and fair method to apportion the lump sum settlements. The award for Count III is thirty-four percent (34%) of the total award. The award for Count IV is sixty-six percent (66%) of the total award. The total amount of settlement is $7,416,666.66. The award for Count III is reduced by thirty-four percent of the total settlement ($2,521,666.66), and the award for Count IV is reduced by sixty-six percent of the total settlement ($4,895,-000.00).

Accordingly, the Court **GRANTS** the Receiver's motion and the Defendants' motion insofar as it seeks credit for pretrial settlements and **MODIFIES** is Partial Final Judgment on the Jury Verdict and **ORDERS** that judgment be and the same is hereby entered as to Count IV in favor of the Plaintiff and against Defendants John H. Wilbur and Dudley D. Allen, jointly and severally, in the amount of $4,091,070.00, with interest from April 12, 1995, at the lawful rate; and as to Count III in favor of the Plaintiff and against Defendant Frank E. Clark, Jr., jointly and severally with Defendants Wilbur and Allen in the amount of $2,107,521.34 with interest from April 12, 1995, at the lawful rate. It is the intent of the Court in entering this judgment the entire monetary judgment shall be enforceable jointly and severally against Defendants Wilbur and Allen, and that portion of the monetary judgment awardable by reason of the finding of Count III shall be enforceable jointly and severally against Defendants Wilbur, Allen, and Clark.

IV

**Defendants' Motion for Stay of Enforcement of Judgment**

Defendants Allen and Wilbur moved for a stay of enforcement of any judgment pursuant to Rule 62(b), Federal Rules of Civil Procedure. The Defendants seek a stay pending the disposition of Defendants' motion to modify or alter the partial final judgment on the jury verdict and motion to grant Defendants credit for settlements made prior to trial. Because the Court has now disposed of these motions, the Defendants' motion for stay of enforcement of judgment is **DENIED** as moot.

V

**Summary**

In summary, the Court **DENIES** the Defendants' motion for a new trial; **GRANTS** the Receiver's motion to alter partial final judgment and for costs; **DENIES** the Defendants' motions for credit for pretrial settlements insofar as they seek application of the Florida statute and a reduction for responsibility attributed to Davoli; **GRANTS** the Defendants' motion for credit for pretrial settlements insofar as they seek reductions to the jury's verdict for settlements by other Defendants; **GRANTS** the Receiver's motion to apportion reduction for settlements between the two counts; and **DENIES** as moot the Defendants' motions for stay of enforcement of judgment.