490 S.E.2d 852

Timothy W. CLARK, Jr. and Brian
K. Cunningham, Plaintiffs
Below, Appellees,

v.

KAWASAKI MOTORS CORP., U.S.A.,
and Kawasaki Heavy Industries, Ltd.,
Defendants Below, Appellants.

No. 23395.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 22, 1997.

Decided July 16, 1997.

McHUGH, Justice:

This action is before this Court upon an appeal from the final order of the Circuit Court of Kanawha County, West Virginia, entered on August 21, 1995. In this action, the appellants, Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd., defendants below, were found liable by a jury to the appellees, Timothy W. Clark, Jr., and Brian K. Cunningham, plaintiffs below, with regard to an accident involving a four-wheel ATV (all-terrain vehicle). At issue is the method by which the amount of the appellants' liability was calculated by the circuit court following the verdict, in view of a prior settlement between the appellees and another defendant and in view of the appellees' respective percentage of comparative negligence.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. As indicated in the April 23, 1996, order of this Court, this appeal was granted solely on the issue of the proper manner of reducing a verdict by the amount of a plaintiff's prior settlement with a joint tortfeasor, in view of the percentages of comparative fault found by the jury at trial. Two methods of so reducing a verdict, i.e. the "settlement first" method, adopted by the circuit court and favored by the appellees, and the "fault first" method, favored by the appellants, have been recognized in other jurisdictions. For the reasons stated below, this Court is of the opinion that the "settlement first" method should be adopted in this State. Accordingly, the final order of the circuit court is affirmed.

John R. Fowler, James C. Stebbins, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, Terrance M. Miller, Douglas L. Anderson, Porter, Wright, Morris & Arthur, Columbus, OH, for Appellants.

P. Rodney Jackson, Franklin S. Fragale, Jr., DiTrapano & Jackson, Charleston, Gilbert H. Robinette, Henry E. Dugan, Jr., Bruce J. Babij, George S. Tolley, III, Robinette, Dugan & Jakubowski, Baltimore, MD, for Appellees.

I.

On September 1, 1988, appellees Timothy W. Clark, Jr., and Brian K. Cunningham, both under the age of 16, were among several individuals visiting the farm of Loyal D. and Donald R. Canfield in Randolph County, West Virginia. At the farm was a four-wheel Kawasaki KLF–185 ATV (all-terrain vehicle) owned by the Canfields. The ATV had been designed, manufactured and sold by the appellants. While riding double on the vehicle, allegedly with the permission of the Canfields, Clark and Cunningham were seriously

injured when the vehicle wrecked in a wooded area of the farm.

Thereafter, in June 1990, an action on behalf of Clark and Cunningham was instituted in the circuit court concerning the incident. The complaint included allegations of negligence against the Canfields and allegations of negligence, product liability and breach of contract against the appellants. Prior to trial, however, a settlement was reached with the Canfields. Specifically, Clark received $825,000 in settlement from the Canfields, and Cunningham received $475,000.

On June 14, 1994, the action proceeded to trial against the appellants. At the conclusion of the trial, the jury returned a verdict in favor of Clark and Cunningham. Specifically, the jury determined Clark's damages to be $3,526,302, before any reduction for comparative negligence, and Cunningham's damages to be $1,021,142, before any reduction for comparative negligence. The jury determined Clark to be 35% at fault and Cunningham to be 15% at fault.

Following the jury verdict, the circuit court calculated the amount of the appellants' liability to appellees Clark and Cunningham by taking into account the prior settlement with the Canfields and, in addition, Clark and Cunningham's respective percentage of comparative negligence. The method selected by the circuit court in making that calculation was consistent with the "settlement first" formula, described below. That method, advanced by Clark and Cunningham before this Court, was reflected in the order of the circuit court entered on September 16, 1994, and resulted in a net recovery of damages for Clark in the amount of $1,755,846.30 and a net recovery of damages for Cunningham in the amount of $464,220.70.

Pursuant to the final order of August 21, 1995, the appellants' post-trial motions contesting the use of the "settlement first" method were denied. This appeal followed.

II.

### The Settlement First Method

In applying the "settlement first" method to this action, the comparative fault reduction for each plaintiff, Clark and Cunningham, was based upon an amount already reduced by the circuit court by the Canfield settlements. In other words, the circuit court credited the amount of the prior settlements against the jury verdict and then reduced the remainder by the percentage of the plaintiffs' comparative negligence. Thus, in the case of Clark, the circuit court subtracted the Canfield settlement from the jury verdict ($3,526,302—$825,000 = $2,701,302). Then, Clark's 35% fault was subtracted from $2,701,302 to equal a net judgment against the appellants of $1,755,846.30. Similarly, in the case of Cunningham, the circuit court subtracted the Canfield settlement from the jury verdict ($1,021,142—$475,000 = $546,-142). Then, Cunningham's 15% fault was subtracted from $546,142 to equal a net judgment against the appellants of $464,220.70.[1]

### The Fault First Method

On the other hand, the "fault first" method is more advantageous to the appellants. Under that method, the circuit court reduces the jury verdict by the percentage of the plaintiffs' comparative negligence, and then credits against the result the amount of the prior settlements. Thus, in the case of Clark, Clark's 35% fault would first be subtracted from the jury verdict ($3,526,302—35% = $2,292,096.30). Then, the $825,000 Canfield settlement would be subtracted from $2,292,096.30 for a net judgment of $1,467,096.30. Similarly, in the case of Cunningham, Cunningham's 15% fault would first be subtracted from the jury verdict ($1,021,-142—15% = $867,970.70). Then, the $475,-000 Canfield settlement would be subtracted from $867,970.70 for a net judgment of $392,-970.70.

Had the "fault first" method been applied by the circuit court in this action, the net judgment against the appellant would have

---

1. In adopting the "settlement first" method, the circuit court stated: "[I]f parties settle prior to the trial of a case, their judgment is going to be made on circumstances that exist before the case is tried, and it seems to me fairest to the plaintiff to have the benefit of that settlement economically the most advantageous way."

been $288,750 less with regard to Clark ($1,755,846.30—$1,467,096.30), and $71,250 less with regard to Cunningham ($464,220.70—$392,970.70).

## III.

■ As this Court stated, generally, in syllabus point 4 of *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996): "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" *See also* syl. pt. 4, *Laney v. State Farm Mutual Automobile Insurance Company,* 198 W.Va. 241, 479 S.E.2d 902 (1996); syl. pt. 1, *Shrader v. Shrader,* 196 W.Va. 649, 474 S.E.2d 579 (1996). Nevertheless, although the facts herein are uncontroverted, the issue of the method of reducing a verdict by the amount of a plaintiff's prior settlement with a joint tortfeasor, in view of the percentage of comparative fault found by the jury at trial, is one of first impression in this State.

According to the appellants, the reduction for the percentage of the appellees' comparative negligence, 35% and 15%, respectively, should have been based upon the total damages sustained by the appellees and not upon an amount already reduced by the Canfield settlement. Thus, the appellants assert, the circuit court's use of the "settlement first" method unjustly resulted in 35% of the $825,000 settlement received by Clark, and 15% of the $475,000 settlement received by Cunningham, not being credited against the liability of the appellants, which result is, therefore, not the *pro tanto* (dollar for dollar) credit to which the appellants were entitled.

On the other hand, appellees Clark and Cunningham assert that, pursuant to the "settlement first" method, the appellants, in fact, received the *pro tanto* credit for the Canfield settlements, and it was simply received before the verdict was reduced by the appellees' respective percentage of comparative negligence. Moreover, the appellees assert that the "settlement first" method furthers the policy recognized by this Court of encouraging the out-of-court resolution of disputes.

The right of a nonsettling tortfeasor to a *pro tanto* credit for the amount of a prior settlement between a plaintiff and another tortfeasor, and the policy of encouraging the out-of-court resolution of disputes, were recognized by this Court in the case of *Board of Education of McDowell County v. Zando, Martin & Milstead, Inc.,* 182 W.Va. 597, 390 S.E.2d 796 (1990). In *Zando,* the Board of Education brought an action against Zando, Martin & Milstead, Inc., an architectural and engineering firm, for negligence and breach of contract with regard to the design and construction of a high school. During the course of the litigation, the H.C. Nutting Company, which provided soil testing, and Corte Company, Inc., a general contractor, were joined as parties. Prior to trial, however, the Board settled with Nutting and Corte. Thereafter, the jury returned a verdict for the Board and against Zando for $1,000,000. Nevertheless, in *Zando,* the circuit court refused to allow Zando a verdict credit for the settlement amounts between the Board and Nutting and Corte. Consequently, judgment was entered against Zando for the full $1,000,000.

■ This Court, in *Zando,* reversed and held that Zando was entitled to a reduction of the verdict to reflect the prior payments by Nutting and Corte in satisfaction of the Board's loss. Specifically, recognizing that "partial satisfaction of the injured person by one joint tortfeasor is a satisfaction, *pro tanto,* as to all," 182 W.Va. at 604, 390 S.E.2d at 803, we held in syllabus point 7 of *Zando* as follows:

Defendants in a civil action against whom a verdict is rendered are entitled to have the verdict reduced by the amount of any good faith settlements previously made with the plaintiff by other jointly liable parties. Those defendants against whom the verdict is rendered are jointly and severally liable to the plaintiff for payment of the remainder of the verdict. Where the relative fault of the nonsettling defendants has been determined, they may seek contribution among themselves after

judgment if forced to pay more than their allocated share of the verdict.

*See also* syl. pt. 9, *Charles v. State Farm Mutual Automobile Insurance Company*, 192 W.Va. 293, 452 S.E.2d 384 (1994); syl. pt. 3, *Smith v. Monongahela Power Company*, 189 W.Va. 237, 429 S.E.2d 643 (1993).[2]

█ In so holding, this Court, in *Zando*, cited *Sanders v. Roselawn Memorial Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1968), syllabus point 1 of which states:

> The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy.

*See also*, syl. pt. 1, *McDowell County Board of Education v. Stephens*, 191 W.Va. 711, 447 S.E.2d 912 (1994).

Nevertheless, although, in *Zando*, the right to a credit for the amount of a prior settlement was recognized, and the jury therein determined various percentages of comparative negligence, this Court did not address the issue of the method of reducing a verdict by the amount of a plaintiff's prior settlement with a joint tortfeasor, in light of the percentages of comparative fault later found by the jury.

As the parties have indicated, a number of jurisdictions have utilized either the "settlement first" or the "fault first" method in calculating a tortfeasor's liability following a jury verdict, in view of prior settlements and in view of a plaintiff's percentage of comparative negligence. Jurisdictions, for example, holding the "settlement first" method to be appropriate include *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197 (10th Cir.1988), reduction for contributory negligence should have been made only after the defendant had been credited with settlements; *Shelby v. Action Scaffolding, Inc.*, 171 Ariz. 1, 827 P.2d 462 (1992), "settlement first" formula utilized; *McBride v. Chevron*

*U.S.A.*, 673 So.2d 372 (Miss.1996), employment of "settlement first" method; *Rittenhouse v. Erhart*, 424 Mich. 166, 380 N.W.2d 440 (1985), settlement should be subtracted from judgment before applying plaintiff's comparative fault; and *Jensen v. ARA Services, Inc.*, 736 S.W.2d 374 (Mo.1987), proper method was for trial court to deduct settlement from total damages and then apportion damages as to percentage of fault.

On the other hand, jurisdictions holding the "fault first" method to be appropriate include *Lemos v. Eichel*, 83 Cal.App.3d 110, 147 Cal.Rptr. 603 (1978), correct procedure was to apply each plaintiff's contributory fault and reduce the resulting figure by amount of pretrial settlements; *American Pharmaseal v. TEC Systems*, 162 Ill.App.3d 351, 113 Ill.Dec. 623, 515 N.E.2d 432 (1987), percentage of comparative fault should have been deducted from total jury award before deducting settlement; *Mulinix v. Saydel Consolidated School District*, 376 N.W.2d 109 (Iowa App.1985), fault assessed should be deducted before deducting for settlement; *Goulet v. Whitin Machine Works, Inc.*, 399 Mass. 547, 506 N.E.2d 95 (1987), damages should have been diminished in proportion to negligence prior to reducing award by amount of settlement; and *Scott v. Cascade Structures*, 100 Wash.2d 537, 673 P.2d 179 (1983), comparative negligence properly deducted from total damages first, then amount of settlement deducted. *See* Jeffrey F. Ghent, Annotation, *Comparative Fault: Calculation of Net Recovery by Applying Percentage of Plaintiff's Fault Before or After Subtracting Amount of Settlement by Less Than All Joint Tortfeasors*, 71 A.L.R.4th 1108 (1989).

As an examination of the above authorities demonstrates, the resolution of this issue, concerning the proper method of verdict reduction, depends largely upon policy, rather than upon pure mathematics. It is a policy matter because both the "settlement first" and the "fault first" methods have been uti-

---

**2.** Somewhat foreshadowing our result in this action is the following comment found in *Cook v. Stansell*, 186 W.Va. 189, 411 S.E.2d 844 (1991), concerning syllabus point 7 of *Zando:* "From this language, it is clear that *once the verdict is*

*reduced by the amount of any good faith settlement,* the net amount of the verdict can be collected by the plaintiff against the non-settling defendants." 186 W.Va. at 192, 411 S.E.2d at 847. (emphasis added).

lized in various states and because any consideration of the issue must ultimately focus upon the shifting of loss and responsibility in a fair manner. In that regard, this Court finds the principles expressed by the Supreme Court of Arizona in *Shelby, supra,* particularly persuasive.

In *Shelby,* a worker fell from a scaffold erected by Action Scaffolding, Inc. The scaffolding had been sold to Action by General Scaffolding, Inc. In litigation concerning the incident, both Action and General were named as defendants. General settled with the worker, and the matter proceeded to trial against Action, wherein the jury returned a verdict for damages in favor of the worker and apportioned the worker's and Action's comparative negligence. Thereafter, Action asserted that the worker's damages should be reduced in proportion to his fault before deducting the settlement amount he received from General. Action's assertion, however, was rejected, and, instead, the "settlement first" method was applied.

In affirming the application of the "settlement first" method, the Supreme Court of Arizona, in *Shelby,* stated that the amount the worker received in settlement from General "must be deducted from the amount of [the worker's] damages as determined by the jury before reducing the then-reduced damages in proportion to [his] relative degree of fault." 171 Ariz. at 7, 827 P.2d at 468. In so holding, the Supreme Court observed: "[T]he Settlement–First Formula allows the plaintiff who has negotiated a favorable settlement, rather than the non-settling defendant, to benefit from that settlement." 171 Ariz. at 6, 827 P.2d at 467. Moreover, in *Shelby,* the Supreme Court indicated that the "settlement first" method, to a greater extent than the "fault first" method, communicated to the public the message that "if you negligently injure someone, you will be held liable." 171 Ariz. at 6, 827 P.2d at 467.

In this action, as the circuit court recognized, the monetary loss to the appellants resulting from the application of the "settlement first" method, rather than the "fault first" method, constituted nothing more than evidence that the appellees received a benefit from settling with the Canfields. That bene-fit comports with the policy of this State favoring out-of-court settlements, and, to remain thus, it should not be subject to substantial erosion in subsequent litigation. Moreover, under the "settlement first" method, as applied by the circuit court, the appellants received a *pro tanto* credit for the Canfield settlement against the jury verdict, prior to the reduction for the appellees' respective percentage of comparative negligence. In the opinion of this Court, a fair result was achieved, and the circuit court acted correctly.

■ Upon all of the above, therefore, this Court holds that in reducing a jury verdict in a negligence action by the amount of the plaintiff's prior settlement with a joint tortfeasor, in light of the percentage of the plaintiff's comparative negligence later found by the jury at trial, this Court adopts the "settlement first," rather than the "fault first" method; under the "settlement first" method, the trial court in making the reduction first credits the amount of the prior settlement against the jury verdict, and then reduces the remainder by the percentage of the plaintiff's comparative negligence; whereas, under the "fault first" method, the trial court in making the reduction first reduces the jury verdict by the percentage of the plaintiff's negligence, and then credits against the remainder the amount of the prior settlement.

In so holding, we remain consistent with the language of syllabus point 7 of *Zando* to the effect that "the verdict" should be reduced by the amount of any good faith settlement. Accordingly, the final order of the Circuit Court of Kanawha County, entered on August 21, 1995, is affirmed.

Affirmed.